

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 21, 2015

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

> Re:  *United States* v. *Ng Lap Seng, et al.*,
>       15 Cr. 706 (VSB)

Dear Judge Broderick:

    The Government respectfully submits this letter in advance of the bail appeal scheduled in the above-captioned matter tomorrow afternoon, following the initial conference.  For the reasons set forth in the two prior bail arguments in this case, the transcripts of which were previously sent to the Court, and for reasons set forth herein, the defendant should be detained.

    I.    Procedural History

    On September 19, 2015, the defendant was arrested on Complaint 15 Mag. 3369, charging him with conspiracy to make false statements and to defraud the United States in connection with bringing millions of dollars of cash into the country.  At presentment, the Government sought detention.  The Pretrial Services Office concurred.  After argument, Magistrate Judge Sarah Netburn ordered the defendant detained.

    On October 6, 2015, the defendant was presented on a new complaint, Complaint 15 Mag. 3562, charging him with conspiracy commit bribery and bribery.  The prior complaint was dismissed the same day.  At presentment, the Government again sought detention.  After argument, Magistrate Judge Kevin Nathaniel Fox ordered the defendant released on the following principal conditions:  a $50 million personal recognizance bond, secured by $20 million in cash and an apartment in Manhattan; home detention at the same apartment, with electronic monitoring; and the defendant to be supervised by private security guards, at his expense.  This order of release was subsequently stayed to permit the Government time to appeal.

    Late yesterday, Indictment 15 Cr. 706 (VSB) was filed, charging the defendant with conspiracy to commit bribery, bribery, conspiracy to commit money laundering, and money laundering.

Honorable Vernon S. Broderick
United States District Judge
October 21, 2015
Page 2

      II.      Applicable Law

          1) *Bail Pending Trial – Generally*

Title 18, United States Code, Section 3142(e), provides that if a judicial officer concludes after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the officer shall order the defendant detained pending trial. 18 U.S.C. § 3142(e). In seeking detention, the Government bears the burden of establishing risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. *Id.* § 3142(f). The Government is not bound by the rules of evidence in discharging its burden, *see id.*, and may proceed by proffer. *See, e.g.*, *United States* v. *Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995).

          2) *Bail Pending Trial – Release Under the Supervision of Private Security Guards*

In a summary order, the Second Circuit held that it is not legal error "for a district court to decline to accept," as "a substitute for detention," a defendant hiring private security guards to monitor him. *United States* v. *Banki*, 369 F. App'x 152, 154 (2d Cir. 2010). In the same decision, the Second Circuit noted that it was "troubled" by the possibility of "allow[ing] wealthy defendants to buy their way out by constructing a private jail." (internal quotation marks omitted)). *Accord, e.g.*, *United States* v. *Cilins*, No. 13 Cr. 315 (WHP), 2013 WL 3802012, at *3 (S.D.N.Y. July 19, 2013) ("'it is contrary to underlying principles of detention and release on bail that individuals otherwise ineligible for release should be able to buy their way out by constructing a private jail, policed by security guards not trained or ultimately accountable to the Government, even if carefully selected'" (quoting *Borodin* v. *Ashcroft*, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001))); *United States* v. *Valerio*, 9 F. Supp. 3d 283, 293-94 (E.D.N.Y. 2014) ("There is nothing in the Bail Reform Act that would suggest that a defendant (or even, hypothetically, a group of defendants with private funding) has a statutory right to replicate or construct a private jail in a home or some other location."); *but see United States* v. *Dreier*, 596 F. Supp. 2d 831, 834 (S.D.N.Y.2009) (approving arrangement, but ordering additional conditions with respect to, among other things, visitors and methods of communication).

          3) *Review of an Order of Release*

When an appeal is taken from a decision by a magistrate judge to release a defendant, the district court reviews that decision regarding release *de novo*. *E.g.*, *United States* v. *Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("[I]n ruling on a motion for revocation or amendment of a detention order [the district court] should not simply defer to the judgment of the magistrate, but reach its own independent conclusion.").

Honorable Vernon S. Broderick
United States District Judge
October 21, 2015
Page 3

### III. Discussion

The defendant should be detained pending trial. As described at some length during the defendant's prior bail arguments, it is difficult to overstate the risk of flight in this case.

- The defendant—who is charged with engaging in a multiple-year, widespread bribery and money laundering scheme, involving payments to officials of multiple countries, and who faces more than a decade in prison under the United States Sentencing Guidelines—is himself a foreign national, whose home country, China, is one with which the United States does not have an extradition treaty. Indeed, the defendant has described himself as a member of the Chinese government.

- The defendant also has passports from other foreign countries, including one, Dominica, where it appears he purchased citizenship.

- The defendant has no connection whatsoever to the United States, apart from his purchase last month of a nearly $4 million apartment, which the defendant has never lived in, and promptly effectively gifted to a co-conspirator.

- The defendant is worth more than a billion dollars, with the vast bulk of that wealth in the same country, China, in which he resides, and in which he has extensive, long-standing connections.

- The defendant has access to extensive liquid resources. The defendant has wired approximately $20 million to the United States in the past several years alone, and has wired additional money to other countries.

- Although the defendant has extensive access to the international banking system, the defendant has chosen to import more than $4.5 million dollars in cash to the United States since 2013, providing shifting explanations as to the use of that cash. While the Government has recovered some of this cash since the defendant's arrest, the vast bulk of it remains unaccounted for.

- The defendant both owns and has access to private airplanes, which has used frequently to travel to and from the United States.

Honorable Vernon S. Broderick
United States District Judge
October 21, 2015
Page 4

Even if this Court were to conclude that it might be appropriate, in a hypothetical case, to permit a wealthy defendant to be released on the condition that he pay for a "private jail," *Banki*, 369 F. App'x at 154, this is not such a case.[1]

IV.   Conclusion

For the foregoing reasons, and those set forth during the two prior bail arguments, the defendant should be detained pending trial.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   s/ Daniel C. Richenthal
Daniel C. Richenthal
Janis M. Echenberg
Rahul Mukhi
Assistant United States Attorneys
(212) 637-2109/2597/1581

cc:   (by ECF)

All Counsel of Record

---

[1] For the same reasons, any comparison of the defendant to Bernie Madoff or Marc Dreier, as the defendant attempted during the most recent bail argument, is inapt. The facts here are markedly different, and the risk of flight far greater.