ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    -v.-                          :

FRANCIS LORENZO,                  :
  a/k/a "Frank Lorenzo,"
                              :
             Defendant.
                              :

- - - - - - - - - - - - - - - x

SUPERSEDING INFORMATION

S6 15 Cr. 706 (VSB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 7 2017

**COUNT ONE**

(Conspiracy to Pay and Receive Bribes and Gratuities and
to Violate the Foreign Corrupt Practices Act)

The United States Attorney charges:

1. From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 666(a)(1)(B) and 666(a)(2), and Title 15, United States Code, Section 78dd-2.

2. It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, would and did corruptly give, offer, and agree to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the

United Nations ("UN"), in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2), to wit, LORENZO and others agreed to pay an individual who served as the Permanent Representative of Antigua and Barbuda to the UN, and later as President of the UN General Assembly (the "Antiguan Ambassador"), in exchange for, to influence, and to reward the taking of official action.

3.   It was a further part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, being an agent of an organization, to wit, the UN, would and did corruptly solicit and demand for the benefit of a person, and accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving

2

a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(1)(B), to wit, LORENZO, an ambassador of the Dominican Republic to the UN, agreed with others to solicit and accept payments in exchange for, to influence, and to reward the taking of official action.

4. It was a further part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, being a domestic concern and an officer, director, employee, and agent of a domestic concern and a stockholder thereof acting on behalf of such domestic concern, would and did willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offer, gift, promise to give, and authorization of the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing an act and decision of such foreign official in his official capacity, (ii) inducing such foreign official to do and omit to do an act in violation

3

of the lawful duty of such official, and (iii) securing an improper advantage, in order to assist in obtaining or retaining business for and with, and directing business to, a person, in violation of Title 15, United States Code, Section 78dd-2(a)(1) & (a)(3), to wit, LORENZO and others agreed to pay the Antiguan Ambassador in exchange for and to influence the taking of official action and to secure an improper advantage.

### Overt Acts

5.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

   a.   On or about February 24, 2012, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, aided the Antiguan Ambassador in submitting an official document to the UN Secretary-General in support of a real estate project to be developed by a company of a co-conspirator not named as a defendant herein ("CC-1").

   b.   On or about June 3, 2014, LORENZO, CC-1, and another co-conspirator not named as a defendant herein ("CC-2"),

arranged for a $200,000 wire payment to a bank account controlled by the Antiguan Ambassador.

(Title 18, United States Code, Section 371.)

### COUNT TWO
(Payment of Bribes and Gratuities)

The United States Attorney further charges:

6. From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the UN, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, LORENZO paid and assisted others to pay the Antiguan Ambassador in exchange for, to influence, and to reward the taking of official action.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT THREE

(Solicitation and Receipt of Bribes and Gratuities)

The United States Attorney further charges:

7.   From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, being an agent of an organization, to wit, the UN, corruptly solicited and demanded for the benefit of a person, and accepted and agreed to accept a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, LORENZO, an ambassador of the Dominican Republic to the UN, solicited and accepted payments in exchange for, to influence, and to reward the taking of official action.

(Title 18, United States Code, Section 666(a)(1)(B).)

6

## COUNT FOUR

(Violation of the Foreign Corrupt Practices Act)

The United States Attorney further charges:

8.  From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, being a domestic concern and an officer, director, employee, and agent of a domestic concern and a stockholder thereof acting on behalf of such domestic concern, did willfully and corruptly make use of the mails and a means and instrumentality of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offer, gift, promise to give, and authorization of the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing an act and decision of such foreign official in his official capacity, (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such official, and (iii) securing an improper advantage, in order to assist in obtaining or retaining business for and with, and

directing business to, a person, to wit, LORENZO paid and assisted others to pay the Antiguan Ambassador in exchange for and to influence the taking of official action and to secure an improper advantage.

    (Title 15, United States Code, Sections 78dd-2(a)(1)(A), 78dd-2(a)(3)(A), 78dd-2(g)(2)(A); Title 18, United States Code, Section 2.)

### COUNT FIVE

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

9. From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

10. It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United

States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) the payment and receipt of bribes and gratuities charged in Counts Two and Three of this Superseding Information, (b) the violation of the FCPA charged in Count Four of this Superseding Information, and (c) the bribery of one or more foreign officials, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, LORENZO and others agreed to transport and transmit payments from outside the United States to the United States and from the United States to outside the United States to effect the bribery of himself and the Antiguan Ambassador.

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX

(Money Laundering)

The United States Attorney further charges:

11. From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary

instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) the payment and receipt of bribes and gratuities charged in Counts Two and Three of this Superseding Information, (b) the violation of the FCPA charged in Count Four of this Superseding Information, and (c) the bribery of one or more foreign officials, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, LORENZO transported and transmitted and assisted others to transport and transmit payments from outside the United States to the United States and from the United States to outside the United States to effect the bribery of himself and the Antiguan Ambassador.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

### COUNT SEVEN

(Subscribing to False and Fraudulent U.S. Individual Income Tax Returns)

The United States Attorney further charges:

12.  From in or about 2011, up to and including in or about 2014, in the Southern District and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, willfully and knowingly, made and subscribed to U.S. Individual Income Tax Returns, Forms

10

1040, for the tax years 2010 through 2013, which returns contained and were verified by the written declaration of LORENZO that they were made under penalties of perjury, and which returns LORENZO did not believe to be true and correct as to every material matter, to wit, LORENZO fraudulently omitted from his tax returns for tax years 2010, 2011, 2012, and 2013, substantial amounts of income, including salary and other compensation paid to LORENZO by CC-1 and an affiliated entity, thereby substantially understating his total income and tax due and owing.

(Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.)

## COUNT EIGHT
(Willful Failure to File Reports of Foreign Bank and Financial Records)

The United States Attorney further charges:

13.  On or before the filing due dates listed below, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, knowingly and willfully failed to file with the Commissioner of the IRS a Report of Foreign Bank and Financial Accounts, FinCEN Report 114 (FBAR) disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other

financial accounts in a foreign country, to wit, four foreign bank, securities, and other financial accounts at Banco de Reservas, all maintained in the Dominican Republic, which accounts each had an aggregate value of more than $10,000 during each of the years listed below:

| Calendar Year | Due Date to File FBAR | Bank |
|---|---|---|
| 2012 | June 30, 2013 | Banco de Reservas |
| 2013 | June 30, 2014 | Banco de Reservas |
| 2014 | June 30, 2015 | Banco de Reservas |

(Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306(c)-(d), and 1010.840(b); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

14. As a result of committing the offenses alleged in Counts One, Two, Three, and Four of this Superseding Information, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or

12

personal, which constitutes or is derived from proceeds traceable to the commission of said offenses.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c).)

15.  As a result of committing the offenses alleged in Counts Five and Six of this Superseding Information, FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

(Title 18, United States Code, Section 982(a)(1).)

(Substitute Assets Provision)

16.  If any of the above-described forfeitable property, as a result of any act or omission of FRANCIS LORENZO, a/k/a "Frank Lorenzo," the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

13

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)

_[signature]_
JOON H. KIM
ACTING UNITED STATES ATTORNEY

_[signature]_
ANDREW WEISSMANN
CHIEF, FRAUD SECTION
CRIMINAL DIVISION

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FRANCIS LORENZO,
a/k/a "Frank Lorenzo,"

Defendant.

SUPERSEDING INFORMATION

S6 15 Cr. 706 (VSB)

(15 U.S.C. §§ 78dd-2(a)(1)(A), 78dd-2(a)(3)(A), and 78dd-2(g)(2)(A); 18 U.S.C. §§ 2, 371, 666(a)(2), 1956(a)(2)(A), and 1956(h); 26 U.S.C. § 7206(1); 31 U.S.C. §§ 5314 and 5322(a).)

JOON H. KIM
Acting United States Attorney.