UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA                             :

       -v.-                                          :          S5 15 Cr. 706 (VSB)

NG LAP SENG,                                         :
  a/k/a "David Ng,"
  a/k/a "Wu Liseng,"                                 :
  a/k/a "Boss Wu,"

                                     :

                Defendant.

                                      :

-------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

                                       JOON H. KIM
                                       Acting United States Attorney
                                       Southern District of New York
                                       Attorney for the United States of America

                                       ANDREW WEISSMANN
                                       Chief, Fraud Section
                                       Criminal Division

Daniel C. Richenthal
Janis M. Echenberg
Douglas S. Zolkind
Assistant United States Attorneys

David A. Last
Trial Attorney

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA                     :

    -v.-                                                :        S5 15 Cr. 706 (VSB)

NG LAP SENG,                                         :
  a/k/a "David Ng,"
  a/k/a "Wu Liseng,"                             :
  a/k/a "Boss Wu,"

                                             :

                   Defendant.

                                             :

------------------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully

requests that the Court include the following in its instructions to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1 General Requests...................................................................................................... 1

REQUEST NO. 2 The Indictment ..................................................................................................... 2

REQUEST NO. 3 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (The Indictment and Statute) ............................................................ 3

REQUEST NO. 4 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Purpose of the Statute; Distinct from Substantive Offense)............... 4

REQUEST NO. 5 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Elements of Conspiracy) .................................................................... 6

REQUEST NO. 6 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (First Element: Existence of Conspiracy)............................................ 7

REQUEST NO. 7 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Second Element: Membership in the Conspiracy) ........................... 12

REQUEST NO. 8 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Third Element: Overt Act)................................................................. 15

REQUEST NO. 9 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Time of Conspiracy)......................................................................... 17

REQUEST NO. 10 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Conscious Avoidance)...................................................................... 18

REQUEST NO. 11 Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act (Liability for Acts and Declarations of Co-Conspirators) ................. 21

REQUEST NO. 12 Count Two: Paying Bribes or Illegal Gratuities (The Indictment and the Statute) ...................................................................................................................................................... 23

REQUEST NO. 13 Count Two: Paying Bribes or Illegal Gratuities (Elements of the Offense) ....... 24

REQUEST NO. 14 Count Two: Paying Bribes or Illegal Gratuities (Recipient Was Agent of Organization) ................................................................................................................................... 25

REQUEST NO. 15 Count Two: Paying Bribes or Illegal Gratuities (Organization Received Federal Funds) ............................................................................................................................................ 27

REQUEST NO. 16 Count Two: Paying Bribes or Illegal Gratuities (Gave, Offered, or Agreed to Give a Thing of Value)................................................................................................................................ 29

REQUEST NO. 17 Count Two: Paying Bribes or Illegal Gratuities (Corrupt Intent) ....................... 30

REQUEST NO. 18 Count Two: Paying Bribes or Illegal Gratuities (Bribes Versus Illegal Gratuities) ...................................................................................................................................................... 32

REQUEST NO. 19 Count Two: Paying Bribes or Illegal Gratuities (Value of Transaction) ............ 34

REQUEST NO. 20 Count Two: Paying Bribes or Illegal Gratuities (Payments to the PGA Account) ...................................................................................................................................................... 36

REQUEST NO. 21 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (The Indictment) ................................................................................................................ 37

REQUEST NO. 22 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Elements of the Offense) ..................................................................................................... 38

REQUEST NO. 23 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Definition of "Domestic Concern").................................................................................... 40

REQUEST NO. 24 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) ("Corruptly" and "Willfully")..................................................................................................... 41

REQUEST NO. 25 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Use of the Mails or Instrumentality of Interstate Commerce)........................................... 42

REQUEST NO. 26 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Promise or Authorization to Pay) ...................................................................................... 43

REQUEST NO. 27 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Payment to Foreign Official)............................................................................................. 44

REQUEST NO. 28 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Purpose of Payment or Gift)............................................................................................. 45

REQUEST NO. 29 Count Three: Violating the Foreign Corrupt Practices Act (Domestic Concern) (Obtaining or Retaining Business)....................................................................................... 46

REQUEST NO. 30 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (The Indictment) .................................................................................. 47

REQUEST NO. 31 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Elements of the Offense) ................................................................. 48

REQUEST NO. 32 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Definition of "While in the Territory of the United States")........... 50

REQUEST NO. 33 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) ("Corruptly" and "Willfully")............................................................. 51

REQUEST NO. 34 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Promise or Authorization to Pay) .................................................... 52

REQUEST NO. 35 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Payment to Foreign Official)........................................................... 53

REQUEST NO. 36 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Purpose of Payment)....................................................................... 54

REQUEST NO. 37 Count Four: Violating the Foreign Corrupt Practices Act (While in the Territory of the United States) (Obtaining or Retaining Business)....................................................... 55

REQUEST NO. 38 Counts Three and Four: Violating the Foreign Corrupt Practices Act (Solicitation of Bribe Not a Defense) ......................................................................................................... 56

REQUEST NO. 39 Dual Intent No Defense................................................................................. 57

REQUEST NO. 40 Count Five: Conspiracy to Commit Money Laundering (The Indictment) ........ 58

REQUEST NO. 41 Count Five: Conspiracy to Commit Money Laundering (Overt Act Need Not Be Proven) .................................................................................................................................. 59

REQUEST NO. 42 Count Five: Conspiracy to Commit Money Laundering (Time of Conspiracy) . 60

REQUEST NO. 43 Count Five: Conspiracy to Commit Money Laundering (Object of the Conspiracy) .................................................................................................................................. 61

REQUEST NO. 44 Count Six: International Money Laundering (Indictment and Statute) ............. 62

REQUEST NO. 45 Count Six: International Money Laundering (Elements of the Offense) ............ 63

REQUEST NO. 46 Count Six: International Money Laundering (First Element: Transportation of a Monetary Instrument or Funds to or from or through the United States) ........................................... 64

REQUEST NO. 47 Count Six: International Money Laundering (Second Element: Intent to Promote Specified Unlawful Activity) .................................................................................................... 65

REQUEST NO. 48 Counts Five and Six: Money Laundering (Promotion of Foreign Bribery) (Foreign Bribery Laws – Antigua and the Dominican Republic) ..................................................... 67

REQUEST NO. 49 Aiding and Abetting and/or Willfully Causing A Crime ................................... 69

REQUEST NO. 50 Venue ......................................................................................................... 73

REQUEST NO. 51 Conscious Avoidance .................................................................................. 74

REQUEST NO. 52 Variance in Dates and Amounts .................................................................... 76

REQUEST NO. 53 Lawfulness or Benefits of Acts or Goals No Defense ..................................... 77

REQUEST NO. 54 Law Enforcement or Government Witnesses .................................................. 79

REQUEST NO. 55 Non-Prosecution Agreements, Immunized Witnesses, and Cooperating Witness Testimony ................................................................................................................................ 80

REQUEST NO. 56 Preparation of Witnesses ............................................................................. 83

REQUEST NO. 57 False Exculpatory Statements ...................................................................... 84

REQUEST NO. 58 Similar Acts ................................................................................................ 85

REQUEST NO. 59 Transcript of Recordings ............................................................................. 86

REQUEST NO. 60 Translations ................................................................................................ 87

REQUEST NO. 61 Particular Investigative Techniques .............................................................. 88

REQUEST NO. 62 Use of Evidence Obtained Pursuant to Searches and seizures ......................... 89

Use of Evidence Obtained Pursuant to Searches and seizures .................................................... 89

REQUEST NO. 63 Charts and Summaries: Admitted as Evidence .............................................. 90

REQUEST NO. 64 Charts and Summaries: Not Admitted as Evidence ........................................ 91

REQUEST NO. 65 Stipulations of Testimony ............................................................................ 92

REQUEST NO. 66 Stipulations of Fact ..................................................................................... 93

REQUEST NO. 67 Redaction of Evidentiary Items.............................................................. 94

REQUEST NO. 68 Uncalled Witness: Equally Available To Both Sides ......................................... 95

REQUEST NO. 69 Persons Not on Trial.............................................................................. 96

REQUEST NO. 70 Character Witnesses ............................................................................. 97

REQUEST NO. 71 Defendant's Testimony .......................................................................... 98

REQUEST NO. 72 Defendant's Right Not To Testify.............................................................. 99

REQUEST NO. 73 Improper Considerations: Race, Religion, National Origin, Sex, or Age......... 100

REQUEST NO. 74 Expert Testimony ................................................................................ 101

REQUEST NO. 75 Motive .............................................................................................. 102

REQUEST NO. 76 Punishment is Not to Be Considered By the Jury ........................................... 103

REQUEST NO. 77 Sympathy: Oath as Jurors...................................................................... 104

CONCLUSION.............................................................................................................. 105

**REQUEST NO. 1**

**GENERAL REQUESTS**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

- a.    Function of Court and Jury
- b.    Jury's Recollection Governs
- c.    Note-Taking by Jurors
- d.    Duty to Base Verdict on Evidence
- e.    Statements of Court and Counsel Not Evidence
- f.    Duty to Weigh Evidence Without Prejudice
- g.    Government as a Party
- h.    Indictment Not Evidence
- i.    Burden of Proof
- j.    Presumption of Innocence
- k.    Reasonable Doubt
- l.    Direct and Circumstantial Evidence
- m.    Inferences
- n.    Credibility of Witnesses
- o.    Right to See Exhibits and Have Testimony Read During Deliberations

**REQUEST NO. 2**

**THE INDICTMENT**

The defendant, NG LAP SENG, who is also known as N.G., David Ng, or Wu Liseng, is formally charged in an Indictment.   As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case. [Before you begin your deliberations, you will be provided a copy of the Indictment.]   I will not read the entire Indictment to you at this time.   Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains six counts against the defendant.   I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One alleges that the defendant, together with others known and unknown, engaged in a criminal conspiracy, or agreement, to pay bribes or illegal gratuities to agents of the United Nations, referenced in the Indictment as the Antiguan Ambassador and the Dominican Ambassador (together, "the Ambassadors"), and to violate the Foreign Corrupt Practices Act (or "FCPA").

Count Two alleges that the defendant committed the crime of paying bribes or illegal gratuities.

Counts Three and Four each allege that the defendant violated the Foreign Corrupt Practices Act.

Count Five alleges that the defendant, together with others known and unknown, engaged in a criminal conspiracy to commit money laundering.

Count Six alleges that the defendant committed the crime of money laundering.

Adapted from Sand et al., Modern Federal Jury Instructions, 3-1; 3-2

## REQUEST NO. 3

### Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act

### The Indictment And The Statute

As I said, Count One of the Indictment charges the defendant with participating in a conspiracy to pay bribes or illegal gratuities to the Ambassadors and to violate the Foreign Corrupt Practices Act or "FCPA."

The relevant statute on this subject provides:

> If two or more persons conspire . . . to commit any offense against the United States . . ., and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

Sand et al., Modern Federal Jury Instructions, 19-1.

**REQUEST NO. 4**

**Count One: Conspiracy To Pay Bribes or Illegal Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Purpose Of The Statute; Distinct From Substantive Offense**

As I said, Count One charges a conspiracy to pay bribes or illegal gratuities and to violate the Foreign Corrupt Practices Act.    A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or unlawful combination or agreement – to pay bribes or illegal gratuities and to violate the Foreign Corrupt Practices Act, as charged in Count One of the Indictment, is an independent offense.    That is, a conspiracy is separate and distinct from the actual violation of any specific federal laws.    The actual violation of any specific federal laws is referred to as a "substantive crime."    Counts Two through Four, and Count Six, which I will discuss in a few moments, are "substantive crimes."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved.    This is because collective criminal activity is believed to pose a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

The defendant is charged both with conspiracy to pay bribes or illegal gratuities and to violate the Foreign Corrupt Practices Act, and with the substantive crimes of paying bribes or illegal gratuities and violating the Foreign Corrupt Practices Act.    Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed one or both of the substantive crimes that were the objects, or goals, of the conspiracy.    By the same token, you can find the defendant guilty of committing the substantive crime or crimes with which he is charged,

here paying bribes or illegal gratuities and violating the Foreign Corrupt Practices Act, even if you find him not guilty of conspiracy to pay bribes or illegal gratuities and to violate the Foreign Corrupt Practices Act.

Adapted from Sand et al., Modern Federal Jury Instructions, 19-2.

**REQUEST NO. 5**

**Count One: Conspiracy To Pay Bribes or Illegal Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Elements Of Conspiracy**

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following three things, which we call the elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate certain laws of the United States;

Second, that the defendant knowingly and willfully became a member of the conspiracy charged; and

Third, that any one of the conspirators – not necessarily the defendant, but rather any member of the conspiracy – knowingly committed at least one overt act during the life of the conspiracy.

Now let us separately consider the three elements.

> Adapted from Sand et al., Modern Federal Jury Instructions, 19-2; the charge of the Hon. Shira A. Scheindlin in United States v. Preldakaj and Collazo, 08 Cr. 1054 (SAS) (S.D.N.Y. 2010); see United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy); United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir. 1986) (discussing elements of conspiracy).

## REQUEST NO. 6

### Count One: Conspiracy To Pay Bribes or Gratuities and to Violate the Foreign Corrupt Practices Act

### First Element: Existence Of The Conspiracy

Starting with the first element, what is a conspiracy?   As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.   The Indictment charges that the defendant and others (i) agreed to pay bribes or illegal gratuities to the Ambassadors; and (ii) agreed to violate the Foreign Corrupt Practices Act.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.   As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.

The conspiracy alleged here in Count One, therefore, is an <u>agreement</u> to pay bribes or illegal gratuities and to violate the Foreign Corrupt Practices Act.   As I instructed you before, it is an entirely distinct and separate offense from the substantive crimes of paying bribes or illegal gratuities and violating the Foreign Corrupt Practices Act charged in Counts Two, Three, and Four.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.   You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or

7

unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

**Objects Of The Conspiracy – Paying Bribes or Illegal Gratuities and Violating the FCPA**

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.   The three objects of the conspiracy charged in Count One are:

(i) paying bribes to the Ambassadors for the purpose of obtaining official action for the benefit of the defendant, NG LAP SENG, and his company, as opportunities arose, by each of the Ambassadors, and for the purpose of having the Ambassadors influence, exert pressure on, and advise other UN officials and diplomats,   intending for those officials and diplomats to take official action, as opportunities arose, to advance the interests of the defendant and his company, and to pay illegal gratuities to reward the Ambassadors' efforts to take and influence other UN officials and diplomats to take official action for the benefit of the defendant and his company;

(ii) violating the Foreign Corrupt Practices Act (as a domestic concern—which is a term I will define in a moment—or an officer, director, employee, or agent of a domestic concern) by offering to pay, paying, promising to pay, or authorizing the payment of money or anything of value to a foreign official, here either or both of the Ambassadors, for purposes of influencing any act or decision of such foreign official in his official capacity or securing any improper advantage in order to obtain or retain business for the defendant, NG LAP SENG, and his company; and

(iii) violating the Foreign Corrupt Practices Act (while in the territory of the United States) by offering to pay, paying, promising to pay, or authorizing the payment of money or anything of value to a foreign official, here either or both of the Ambassadors, for purposes of influencing any act or decision of such foreign official in his official capacity or securing any improper advantage in order to obtain or retain business for the defendant, NG LAP SENG, and his company

I will give you more detailed instructions regarding the elements for each object of the conspiracy when I explain Counts Two, Three, and Four, which pertain to the substantive crimes of Paying Bribes or Illegal Gratuities and Violating the Foreign Corrupt Practices Act.

In considering the three alleged objects of the conspiracy, you should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects. Instead, an agreement to accomplish any one of the three objects is sufficient. However, you must all agree on the specific object or objects the conspirators agreed to try to accomplish, and you may find that they agreed to try to accomplish more than one.

If you find that two or more individuals agreed (i) to pay bribes or illegal gratuities, (ii) to violate the FCPA as a domestic concern, and/or (iii) to violate the FCPA while in the territory of the United States, then the illegal purpose element of the conspiracy charge is satisfied.

If the Government fails to prove that any of the three objects set forth in the Indictment was an object of the alleged conspiracy, then you must find the defendant not guilty on the conspiracy count. However, if you find that two or more persons agreed to accomplish at least one of the objects charged in the Indictment, the illegal purpose element will be satisfied regardless of whether or not that object was in fact accomplished, that is, regardless of whether the goal succeeded.

> Adapted from Sand et al., Modern Federal Jury Instructions, 19-4, 36-9-20; the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008), the charge of the Hon. Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ), and Sand et al., Modern Federal Jury Instructions, 19-4; see United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be

congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.   Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

## REQUEST NO. 7

### Count One: Conspiracy To Pay Bribes or Illegal Gratuities and to Violate the Foreign Corrupt Practices Act

### Second Element: Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:   Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective or objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant unlawfully, knowingly, and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

### "Unlawfully," "Willfully," And "Knowingly" Defined

The term "unlawfully" simply means contrary to law.   In order to prove that the defendant acted "unlawfully," the Government need not prove that the defendant knew that he was breaking any particular law or any particular rule.   The Government must only show that the defendant was aware of the generally unlawful nature of his acts.

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.   Again, the Government need not prove that the defendant knew that he was breaking any particular law or any particular rule or was aware of any particular law or particular rule.   The Government must only show that the defendant was aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.    However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.    The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all of the details of the conspiracy in order for you to infer knowledge on his part.    To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants.    It is not even necessary that the defendant knew every other member of the conspiracy.    Nor is it necessary that the defendant received any monetary benefit from participating in the conspiracy, or had a financial stake in the outcome.    It is enough if the defendant participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation in the alleged conspiracy has no bearing on the issue of the defendant's guilt.    A defendant need not have joined the conspiracy at the outset.    He or she may have joined it at any time – at the beginning, in the middle, or at the end.

Each member of a conspiracy may perform separate and distinct acts.    Some conspirators play major roles, while others play minor roles.    An equal role is not what the law requires.    In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.    In other words, knowledge of a

conspiracy, without agreement to participate in it, is not sufficient.    What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.    That defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.    So, too, once a person is found to be a member of a conspiracy, he or she is presumed to continue membership in the venture until its termination, unless it is shown by some affirmative proof that the person withdrew and disassociated from the conspiracy.

> Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008); and Sand et al., Modern Federal Jury Instructions, 19-6, 3A-1, 3A-3; see United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in conspiracy with required state of mind); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.    A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same).

14

**REQUEST NO. 8**

**Count One: Conspiracy To Pay Bribes or Illegal Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Third Element: Overt Act**

The third element is the requirement of an overt act.    To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators -- not necessarily the defendant.

Count One of the Indictment contains a section entitled "overt acts."    These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.    The overt acts alleged are as follows:

[The Court is respectfully requested to read the "overt acts" section of Count One of the Indictment.]

You may find that overt acts were committed that are not alleged in the Indictment.    The only requirement is that one of the members of the conspiracy – again, not necessarily the defendant – has taken some step or action in furtherance of the conspiracy during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.    The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any or all of the overt acts alleged in the Indictment.    Nor do you need to find that the defendant himself committed any of the overt acts alleged.    It is sufficient for the

Government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the times alleged in the Indictment.   It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.   Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.   You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008); and Sand et al., Modern Federal Jury Instructions, 19-7-8; see United States v. Kozeny, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant.   We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime.   The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)).

**REQUEST NO. 9**

**Count One: Conspiracy To Pay Bribes or Illegal Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or about 2011 through

in or about September 2015.   It is not essential that the Government prove that the conspiracy

alleged started and ended on any specific dates.   Similarly, an overt act need not have been

committed at precisely the time alleged in the Indictment.

> Adapted from the charge of the Hon. Richard J. Sullivan in
> United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008); and
> Sand et al., Modern Federal Jury Instructions, 3-12.

**REQUEST NO. 10**

**Count One: Conspiracy To Pay Bribes or Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Conscious Avoidance**

[*If Applicable*]

As I explained, the Government is required to prove that the defendant acted knowingly. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

If you find that the defendant was aware of a high probability that an object of the conspiracy was to violate federal law, but that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly. The law calls this "conscious avoidance" or "willful blindness." However, if you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner, he may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, that person did not actually know the incriminating fact.

I want to be very clear about what this means and does not mean with respect to the conspiracy charged in Count One.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy. "Conscious avoidance" or "willful blindness," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to

18

participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, that the purpose of the partnership he joined was to pay bribes or illegal gratuities or to violate the Foreign Corrupt Practices Act.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his co-conspirators' objective was to pay bribes or illegal gratuities or to violate the Foreign Corrupt Practices Act, but that the defendant deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that the defendant and his co-conspirators were acting in a lawful manner.

Again, the last point is important.    The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing that the defendant was merely careless or negligent or stupid or foolish, or that he should have known what was going on. If the defendant actually believed that the conspiracy was about something else entirely, or if he was merely foolish, careless or even reckless about the risk that he was wrong, then you cannot find the defendant guilty.    Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.    One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

> Adapted from the charge given by the Hon. John F. Keenan in United States v. Rohan Cameron, 03 Cr. 1457 (JFK) (2004), and from Sand et al., Modern Federal Jury Instructions, 3A-2.    "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and

consciously avoided confirming that fact." <u>United States</u> v. <u>Hopkins</u>, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).    The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." <u>United States</u> v. <u>Feroz</u>, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1)    if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

**REQUEST NO. 11**

**Count One: Conspiracy To Pay Bribes or Illegal Gratuities and
to Violate the Foreign Corrupt Practices Act**

**Liability For Acts And Declarations Of Co-Conspirators**

[*If Applicable*]

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do, in part, with the nature of the crime of conspiracy.   As I have said, a conspiracy is often referred to as a partnership in crime:   as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.   This is so even if such acts were committed or such statements were made in the defendant's absence, and/or without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements

were made during the existence, and in furtherance, of the unlawful scheme.    If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from Sand et al., Modern Federal Jury Instructions, 19-9 and the charge of the Hon. Michael B. Mukasey in United States v. Stasinopoulos, et al., 98 Cr. 609 (S.D.N.Y. 2000).    See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**REQUEST NO. 12**

**Count Two: Paying Bribes or Illegal Gratuities**

**The Indictment and the Statute**

Count Two of the Indictment charges the defendant with paying bribes and illegal gratuities in connection with a federally funded program.   In particular, it charges the defendant with paying bribes to the Antiguan Ambassador and the Dominican Ambassador for the purpose of obtaining official action for the benefit of the defendant and his company, as opportunities arose, by each of the Ambassadors, and for the purpose of having the Ambassadors influence, exert pressure on, and advise other UN officials and diplomats, intending for those officials and diplomats to take official action, as opportunities arose, to advance the interests of the defendant and his company.   It also charges the defendant with paying illegal gratuities to reward the Ambassadors' efforts to take, and influence other UN officials and diplomats to take, official action for the benefit of the defendant and his company.

The relevant statute on this subject is Title 18, United States Code, Section 666(a)(2), which reads as follows:

> "Whoever . . . corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more" shall be guilty of a crime.

23

**REQUEST NO. 13**

**Count Two: Paying Bribes or Gratuities**

**Elements of the Offense**

To meet its burden of proof as to Count Two, the Government must establish beyond a reasonable doubt each of the following elements:

First, the Antiguan Ambassador and/or the Dominican Ambassador was an agent of the United Nations;

Second, the United Nations was an organization that received federal benefits from the United States in excess of $10,000;

Third, the defendant gave, offered, or agreed to give a thing of value to the Antiguan Ambassador or the Dominican Ambassador or both, or to a person or entity designated by the Antiguan Ambassador or the Dominican Ambassador;

Fourth, when the defendant did so, the defendant acted corruptly with the intent to influence or reward the Antiguan Ambassador or the Dominican Ambassador, in connection with a business or transaction or series of transactions of the United Nations; and

Fifth, that the value of the transaction or series of transactions to which the payment related was at least $5,000.

I will now describe each of these elements in more detail, including the time periods applicable to each of them.

Adapted from Sand et al., Modern Federal Jury Instructions, 27A-16.

24

**REQUEST NO. 14**

**Count Two: Paying Bribes or Illegal Gratuities**

**Recipient Was Agent of Organization**

The first element the Government must prove beyond a reasonable doubt is that, at one or more times between in or about 2011 and in or about September 2015, the Antiguan Ambassador and/or the Dominican Ambassador was an agent of the United Nations.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization with which they are associated.

A person may be an agent of more than one organization. An employee of one agency within a larger department or organizational department, is an agent of that larger department as well.

Elected and appointed officials are agents of the government or organization to which they were elected or appointed to serve. For example, a member of a State's legislature is an agent of that State.

To be an agent of an organization does not require that a person be an actual employee of that organization. An outside consultant who exercises significant managerial responsibility within the organization is an agent of that organization if the consultant is authorized to act on behalf of the organization.

In determining whether the Antiguan Ambassador or Dominican Ambassador was an agent of the United Nations, you may consider, among other factors, whether the individual served as a representative of or within the organization, or whether the individual had the ability to exert influence over the actions of the organization or the expenditures of the organization's funds.

Adapted from Sand et al., Modern Federal Jury Instructions, 27A-17; United States v. Sotomayor-Vazquez, 249 F.3d 1, 8 (1st Cir. 2001) ("[W]e understand the Supreme Court's 'expansive' approach [in Salinas] to include persons who *act* as directors, managers, or representatives of covered organizations, even if those persons are not actually employed by the organizations . . . . [S]uch an expansive definition of 'agent' is necessary to fulfill the purpose of § 666." (emphasis in original)); United States v. Roebuck, No. 11 Cr. 127, 2012 WL 4955208, at *2 (D. Vt. Oct. 17, 2012) ("A defendant may serve as an agent of more than one organization under this expansive definition."); United States v. Fernandez, 722 F.3d 1, 9 (1st Cir. 2013) (holding that state legislators are agents of their state governments because they serve as representatives of one constituent branch of the government and represent the state as a whole); United States v. Van Pelt, 448 F. App'x 301, 305 (3d Cir. 2011) (New Jersey assemblyman was an "agent" of the State of New Jersey for purposes of Section 666, including because "as a state legislator who voted on the budget, [the defendant] had control of New Jersey funds); United States v. Hudson, 491 F.3d 590 (6th Cir. 2007) (upholding conviction and holding that independent contractor was an "agent" for purposes of Section 666 because he was authorized "to act on behalf" of the organization, noting that "[o]ther courts have taken the same approach," and citing cases); United States v. Stevenson, 834 F.3d 80 (2d Cir. 2016) (affirming conviction of New York State Assemblyman under Section 666, among other statutes); United States v. Rosen, 716 F.3d 691, 694 (2d Cir. 2013) (affirming Section 666 conspiracy conviction based on bribes paid to New York State legislators).

26

**REQUEST NO. 15**

**Count Two: Paying Bribes or Illegal Gratuities**

**Organization Received Federal Funds**

The second element the Government must prove beyond a reasonable doubt is that, in a one-year period, beginning no more than 12 months before the defendant committed the act or acts charged in the Indictment and ending no more than 12 months after that act or those acts , the United Nations received federal benefits in excess of $10,000.

To prove this element, the Government must establish that the United Nations received, during such a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or some other form of federal assistance.   This does not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

You need only find that the United Nations as a whole received in excess of $10,000 under one or more federal programs and that the transaction had some connection with the United Nations for the element to be satisfied.   The Government does not have to prove that the defendant or the Ambassadors had the authority to administer these federal benefits.   Nor does the Government have to prove any nexus between the unlawful payments alleged to have been made and received in this case and the federal funding that the United Nations alleged received.

I further instruct you as a matter of law that there is a federal statute of the United States, specifically, the United Nations Participation Act, 22 U.S.C. § 287e, which authorizes payment of the United States' dues to the United Nations.   Additionally, the annual contributions by the United States to the United Nations for fiscal years 2010 through 2015 were covered by

27

appropriation bills passed by the United States Congress as part of the "Contributions to International Organizations" appropriation.

> Adapted from Sand et al., Modern Federal Jury Instructions, 27A-18; the charge of the Hon. Thomas P. Griesa in United States v. Bahel, 06 Cr. 918 (TPG); Sabri v. United States, 541 U.S. 600, 603 (2004) (no nexus required between forbidden conduct and federal funds).   See also United States v. Bahel, 662 F.3d 610, 627-29 (2d Cir. 2011) ("[T]here is no question that a federal statute duly enacted by Congress, the U.N. Participation Act, is what authorizes the payment of the United States' dues to the U.N.   Under the principles articulated in Zyskind, this is sufficient to classify the U.N. Participation Act as a 'federal program.' (citing United States v. Zyskind, 118 F.3d 113, 115 (2d Cir. 1997)); see also FY 2010 - Div. F, P.L. 111-117 (available at https://www.gpo.gov/fdsys/pkg/PLAW-111publ117/pdf/PLAW-111publ117.pdf); FY 2011 - Full-Year Continuing Resolution, Div. B, P.L. 112-10 (available at https://www.congress.gov/112/plaws/publ10/PLAW-112publ10.pdf); FY 2012 - Div. I, P.L. 112-74 (available at https://www.gpo.gov/fdsys/pkg/PLAW-112publ74/pdf/PLAW-112publ74.pdf); FY 2013 - Full-Year Continuing Resolution,  P.L. 113-6 (available at https://www.gpo.gov/fdsys/pkg/PLAW-113publ6/pdf/PLAW-113publ6.pdf); FY 2014 - Div. K, P.L. 113-76 (available at https://www.fsa.usda.gov/Internet/FSA_File/pl113-076.pdf); FY 2015 - Div. J, P.L. 113-235 (available at https://www.gpo.gov/fdsys/pkg/BILLS-113hr83enr/pdf/BILLS-113hr83enr.pdf); FY 2016 - Div. K, P.L. 114-113 (available at https://www.gpo.gov/fdsys/pkg/PLAW-114publ113/pdf/PLAW-114publ113.pdf)

**REQUEST NO. 16**

**Count Two: Paying Bribes or Illegal Gratuities**

**Gave, Offered, or Agreed to Give a Thing of Value**

The third element the Government must prove beyond a reasonable doubt is that the defendant gave, offered, or agreed to give a thing of value to the Antiguan Ambassador or the Dominican Ambassador, as alleged in the Indictment, at a time when the person to whom the thing was given or offered or was agreed to be given or offered was an agent and within the one-year period described above.

The statute makes no distinction between giving or offering a corrupt payment or other things of value. The mere offer of one is just as much a violation of the statute as the actual giving of one. Nor must you find whether a payment, if offered or given, was accepted by the person to whom it was offered or given.

It is also not necessary that the corrupt payment be made directly to the Antiguan Ambassador or Dominican Ambassador. Rather, it is sufficient if the payment is given or offered to a person or entity designated by either Ambassador, such that the payment or offer of payment was for the Ambassador's benefit.

Adapted from Sand et al., Modern Federal Jury Instructions, 27A-19.

29

**REQUEST NO. 17**

**Count Two: Paying Bribes or Gratuities**

**Corrupt Intent**

The fourth element the Government must prove beyond a reasonable doubt is that when the defendant gave, offered, or agreed to give something of value to the Antiguan Ambassador or the Dominican Ambassador, at a time when the person to whom the thing was given or offered or was agreed to be given or offered was an agent and within the one-year period described above, the defendant knowingly and corruptly and with the intent to influence or reward the Antiguan Ambassador's or the Dominican Ambassador's actions in connection with some business or transaction of the United Nations.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to influence or reward the Antiguan Ambassador's or the Dominican Ambassador's actions.   This involves conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of mind.

In considering this element, remember that it is the defendant's intent to influence the actions of the Antiguan Ambassador and/or the Dominican Ambassador that matters, not the subsequent actions of the Antiguan Ambassador, the Dominican Ambassador, other UN officials and diplomats, or the United Nations, itself.   Thus, the Government does not have to prove that the Antiguan Ambassador or the Dominican Ambassador accepted the bribe offer, if made, or that the bribe, if accepted, actually influenced a decision of the United Nations.   It is not even necessary that the Antiguan Ambassador or the Dominican Ambassador had the authority to perform the act which the defendant sought.

30

Also, if you find that the defendant acted with the intent to reward the Antiguan Ambassador or the Dominican Ambassador for a decision already made, it does not matter that the payment was not made or offered until after the business or transaction occurred.

Direct proof of a corrupt intent is not necessary, and such an intent may be established by circumstantial evidence.

> Adapted from Sand et al., Modern Federal Jury Instructions, 27A-20; the charge of the Hon. Loretta A. Preska in United States v. Stevenson, 13 Cr. 151 (LAP), and charge of the Hon. George B. Daniels in United States v. Campbell, 12 Cr. 569 (GBD); see, e.g., United States v. Hood, 343 U.S. 148, 151 (1952) ("Whether the corrupt transaction would or could ever be performed is immaterial.").

31

## REQUEST NO. 18

### Count Two: Paying Bribes or Illegal Gratuities

### Bribes Versus Illegal Gratuities

In describing the fourth element, I referred to the required corrupt intent as the intent to be influenced or rewarded.    There is an important distinction between the intent to be influenced and the intent to be rewarded.

Federal law prohibits the offering or giving of both bribes and illegal gratuities.    Bribery requires intent to influence an official act or to be influenced in an official act, while illegal gratuity requires only that the gratuity be given or accepted as a reward for an official act that has already occurred.    In other words, for bribery there must be a *quid pro quo* – a specific intent to give or receive something of value in exchange for an official act.    An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken.

When a defendant is charged with paying an illegal gratuity, there is no requirement that the corrupt payments have influenced the public official in taking any action.    Instead, the Government need prove only that there was a link between a thing of value conferred on the public official, and a specific official act for or because of which the defendant gave, offered, or agreed to give the payment.    It is not sufficient that the unlawful gratuity was given merely because the public official had authority over matters in which the defendant had an interest.    But if a public official conducts certain official business in a perfectly honest and proper manner and later accepts a financial benefit intending to be rewarded for that past activity, this is a violation of the law.

Here, the Government charges that the defendant gave, offered, or agreed to give both bribes and illegal gratuities.    To convict on a bribery theory, you must find that the defendant had

32

the intent to influence the Antiguan Ambassador or the Dominican Ambassador, in connection with some business or transaction of the United Nations.    To convict on an illegal gratuities theory, you must find that the defendant had the intent to reward the Antiguan Ambassador or the Dominican Ambassador in connection with some business or transaction of the United Nations.

I instruct you that in order to find the defendant guilty on Count 2, it is sufficient if you find that he committed only one type of offense, that is, that he offered, gave, or agreed to give corrupt payments intending to influence, or intending to reward, the Antiguan Ambassador or the Dominican Ambassador.    If your finding is based on one type of offense, you must be unanimous on that one offense in order to find guilt on that Count.

> Adapted from the charge of the Hon. Thomas P. Griesa in United States v. Bahel, 02 Cr. 918 (TPG), upheld in relevant part, 662 F.3d 610, 637 (2d Cir. 2011); the charge of the Hon. Kimba M. Wood in United States v. Skelos, 15 Cr. 317 (KMW); United States v. Ganim, 510 F.3d 134, 150 (2d Cir. 2007) (Section 666 prohibits bribes and gratuities); United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 405 (1999) (an illegal gratuity "may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken.").

**REQUEST NO. 19**

**Count Two: Paying Bribes or Illegal Gratuities**

**Value of Transaction**

The fifth element the Government must prove beyond a reasonable doubt is that the value of the transaction or series of transactions to which the corrupt payment or payments related was at least $5,000.   The word "transaction" should be given its ordinary meaning.   I would caution you, however, that a transaction for purposes of this statute does not include setting up a meeting, hosting an event, talking to another official, or sending a subordinate to a meeting, without more.[1] You may, however, consider evidence that an official set up a meeting, hosted an event, talked to another official, or sent a subordinate to a meeting as evidence of whether this element, or any other element of the crime, is met.

To establish this element, the Government must prove that defendant intended to influence or reward the Antiguan Ambassador or the Dominican Ambassador, in connection with some business or transaction or series of transactions of the United Nations involving anything of value of $5,000 or more.   If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

The Government is not required to prove that the defendant paid or offered at least $5,000. It is the value of the business or transaction that the offer or payment was intended to influence or reward that is important for the purposes of this element, although you may consider evidence of the value of the offer or payment in determining the value of the business or transaction.

---

[1]    Adapted from <u>McDonnell</u> v. <u>United States</u>, 136 S. Ct. 2355 (2016).   The Government's inclusion of this particular language is not intended as agreement that such an instruction is necessary or that <u>McDonnell</u> applies to Section 666.   (*See* Mem. of Law of the United States in Opp. to Mot. to Dismiss the Indictment (Docket Entry No. 327) 26-27, 29-31.)

In determining whether the business or transaction was valued at $5,000, do not include legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

Adapted from Sand et al., Modern Federal Jury Instructions, 27A-21; and the charge of the Hon. Kimba M. Wood in United States v. Skelos, 15 Cr. 317 (KMW).

**REQUEST NO. 20**

**Count Two: Paying Bribes or Illegal Gratuities**

**Payments to the PGA Account[2]**

[*If Applicable*]

You have heard evidence relating to payments made to a bank account held in the name of the Office of the President of the General Assembly (referred to as the "PGA Account"). The defendant contends that any payments to the PGA Account were a permissible form of political or campaign contribution.   A payment to the Antiguan Ambassador through the PGA Account does not, in itself and without more, constitute a violation of federal law.   However, if you find that the defendant made a payment to the Antiguan Ambassador through the PGA Account intending that, in exchange for the payment, the Antiguan Ambassador would take a specific official act, that is sufficient to find the defendant guilty of bribery, provided that the other elements I have described are met, regardless of the fact that the payment was made to the PGA Account.

> See McCormick v. United States, 500 U.S. 257 (1991); Evans v. United States, 504 U.S. 255, 257-58 (1992) (upholding district court's jury instruction, which included a statement to the effect that if a public official demanded or accepted money in exchange for a specific requested exercise of his or her official power, such a demand or acceptance constituted a violation of the Hobbs Act, regardless of whether the payment was made in the form of a campaign contribution); United States v. Garcia, 992 F.2d 409, 415 (2d Cir. 1993).

---

[2]    The Government's inclusion of this instruction at this time is not intended as agreement that such an instruction is necessary.   (*See* Mem. of Law of the United States in Opp. to Mot. to Dismiss the Indictment (Docket Entry No. 327) 41 n.6.)

**REQUEST NO. 21**

**Count Three: Violating the Foreign Corrupt Practices Act[3]**
**(Domestic Concern)**

**The Indictment**

Count Three of the Indictment charges the defendant with violating the Foreign Corrupt Practices Act, or FCPA.   The FCPA makes it a federal crime for certain persons to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his or her official capacity, or securing any improper advantage, in order to obtain or retain business.   Specifically, the offense charged in Count Three relates to a type of person known as a "domestic concern," or any officer, director, employee, or agent of a "domestic concern."   I will explain the definition of a "domestic concern" shortly.

In Count Three, the defendant is charged as an officer, director, employee, or agent of a domestic concern, and with aiding and abetting the conduct of a domestic concern, in connection with paying, promising to pay, and authorizing the payments to the Antiguan Ambassador and the Dominican Ambassador in exchange for and to influence the taking of official action to benefit the defendant and/or his company and to secure an improper advantage for the defendant and/or his company, including advancing the defendant's interest in obtaining formal UN support for the center that he hoped to build in Macau.

---

[3]      Except as otherwise indicated, the proposed instructions for Counts Three and Four, including all of the individual elements and definitions as set out in the next several pages, are adapted to the facts of this case from United States v. Bourke, No. 05 Cr. 518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by United States v. Kozeny, 667 F.3d 122 (2d Cir. 2011); United States v. Esquenazi, No. 09 Cr. 21010 (JEM) (S.D. Fla. Aug. 4, 2011), affirmed by United States v. Esquenazi, 752 F.3d 912 (11th Cir. 2014).

37

**REQUEST NO. 22**

**Count Three: Violating the Foreign Corrupt Practices Act**
**(Domestic Concern)**

**Elements of the Offense**

To meet its burden of proof as to Count Three, the Government must establish beyond a reasonable doubt each of the following elements:

First, the defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, or aided and abetted a domestic concern, concepts that I will define for your shortly;

Second, the defendant acted corruptly and willfully;

Third, the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute, or aided and abetted another to do the same;

Fourth, the defendant offered, paid, promised to pay, or authorized the payment of money or gift or of anything of value;

Fifth, the payment or gift or thing of value was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift or thing of value would be offered, given, or promised, directly or indirectly, to a foreign official;

Sixth, the payment was for any one or more of three purposes:

- to influence any act or decision of the foreign official in his or her official capacity;

- to induce the foreign official to do or omit to do any act in violation of that official's lawful duty; or

- to secure any improper advantage; and

Seventh, the payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person.

**REQUEST NO. 23**

**Count Three: Violating the Foreign Corrupt Practices Act
(Domestic Concern)**

**Definition of "Domestic Concern"**

The first element that the Government must prove for Count Three is that the defendant was an officer, director, employee, or agent of a domestic concern, or someone who aided and abetted, or caused to act, in a particular way, both of which I will define in more detail later, a domestic concern, or an officer, director, employee, or agent of a domestic concern.

A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; or (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

.

**REQUEST NO. 24**

**Count Three: Violating the Foreign Corrupt Practices Act
(Domestic Concern)**

**"Corruptly" and "Willfully"**

The second element that the government must prove for Count Three is that the defendant acted corruptly and willfully.    An act is "corruptly" done if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means.    The term "corruptly" in FCPA is intended to connote that the offer, payment, or promise was intended to induce the foreign official to misuse his or her official position.

The term "willfully" means that the defendant committed the act voluntarily and purposefully, and with knowledge that his conduct was, in a general sense, unlawful.    That is, the defendant must have acted with a bad purpose to disobey or disregard the law.    The Government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

## REQUEST NO. 25

### Count Three: Violating the Foreign Corrupt Practices Act
### (Domestic Concern)

### Use of the Mails or Instrumentality of Interstate Commerce

The third element that the Government must prove for Count Three is that the defendant or someone acting at his direction made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place outside thereof, and such term includes the intrastate use of (a) a telephone or other means of communication, such as email, text message, or fax between States or between the United States and a foreign country, or a transfer of money by wire between States or between the United States and a foreign country or (b) any other interstate commerce instrumentality. If such mechanisms as trade, transportation, or communication are utilized by persons and goods passing between the various States or between the United States and a foreign country, they are such instrumentalities of interstate commerce. I instruct you that, as a matter of law, sending wire transfers through a U.S. bank constitutes the use of a means or instrumentality of interstate commerce. So if you find that such a thing occurred, you may find that this element has been proved.

**REQUEST NO. 26**

**Count Three: Violating the Foreign Corrupt Practices Act
(Domestic Concern)**

**Promise or Authorization to Pay**

As I previously told you, the fourth element that the Government must prove beyond a reasonable doubt for you to convict the defendant of violating the FCPA in Count Three is that the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value.   It is not required that the payment actually be made.   A promise to pay or the authorization of payment by a defendant are each also prohibited by the FCPA.

Indeed, a defendant who engages in bribery of a foreign official indirectly through any other person or entity is liable under the FCPA, just as if the person had engaged in the bribery directly.   Thus, if you find that the defendant authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proven.

It is not necessary that the payment actually take place.   Instead, it is the offer or the authorization that completes the crime.   You may find this element satisfied if you find that the defendant promised or authorized an unlawful payment, even if you believe that the payment was not actually made.    It is sufficient simply if the defendant believed that a bribe would be paid and that he promised or authorized the bribe to be paid.

**REQUEST NO. 27**

**Count Three: Violating the Foreign Corrupt Practices Act
(Domestic Concern)**

**Payment to Foreign Official**

The fifth element the Government must prove for Count Three is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official.

### 1. "Knowing" and "Knowledge" Defined

For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.

For purposes of the FCPA, a person is deemed to have knowledge of a circumstance if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

### 2. "Foreign Official" Defined

The term "foreign official" means any officer or employee of a foreign government, or any department or agency thereof, or of a public international organization, or any person acting in an official capacity for or on behalf of any such government, or department or agency thereof, or for or on behalf of any such public international organization.   I instruct you that, as matter of law, the United Nations qualifies as a public international organization under the Foreign Corrupt Practices Act.

44

**REQUEST NO. 28**

**Count Three: Violating the Foreign Corrupt Practices Act**
**(Domestic Concern)**

**Purpose of Payment or Gift**

The sixth element the Government must prove for Count Three is that the offer to pay, payment, promise to pay, or authorization of payment was for one or more of three purposes:

1. To influence any act or decision of the foreign official in his or her official capacity;

2. To induce the foreign official to do or omit to do any act in violation of that official's lawful duty; or

3. To secure any improper advantage.

The Government need not prove that the offer to pay, payment, promise to pay, or authorization of payment was for all of these purposes.   If the Government proves that the offer to pay, payment, promise to pay, or authorization of payment was for any one of these purposes, or more than one, this element has been met.

45

**REQUEST NO. 29**

**Count Three: Violating the Foreign Corrupt Practices Act
(Domestic Concern)**

**Obtaining or Retaining Business**

The seventh and final element the Government must prove for Count Three is that the payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person.

It is not necessary for the Government to prove that anyone actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift, only that the defendant intended to assist in obtaining or retaining business for or with any person.   Moreover, the FCPA's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a provision against corrupt payments related to the execution or performance of contracts or the carrying out of existing business.

**REQUEST NO. 30**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States)**

**The Indictment**

Count Four of the Indictment also charges the defendant with violating the FCPA. Separate from Count Three, which charges the defendant for violating the FCPA as an officer, director, employee, or agent of a "domestic concern," and with aiding and abetting and/or causing the conduct of a "domestic concern," as discussed above, the FCPA also makes it a federal crime for a foreign person or an officer, director, employee, or agent of a foreign entity, while in the territory of the United States, to offer to pay, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for purposes of influencing any act or decision of such foreign official in his or her official capacity or securing any improper advantage in order to obtain or retain business.

The defendant is charged in Count Four with violating the FCPA while in the territory of the United States – specifically, by taking actions in the United States in furtherance of a payment, promise to pay, and/or authorization to pay the Antiguan Ambassador and/or the Dominican Ambassador in exchange for and to influence the taking of official action to benefit the defendant and/or his company and to secure an improper advantage for the defendant and/or his company, including advancing the defendant's interest in obtaining formal UN support for the center that he hoped to build in Macau.

47

**REQUEST NO. 31**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States)**

**Elements of the Offense**

To meet its burden of proof as to Count Four, the Government must establish beyond a reasonable doubt each of the following elements:

First, the defendant is a foreign person or an officer, director, employee, or agent of a foreign entity, or a stockholder thereof acting on behalf of such person, while in the territory of the United States, concepts that I will define for your shortly;

Second, the defendant acted corruptly and willfully;

Third, the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

Fourth, the payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

Fifth, the payment was for any one or more of three purposes:

- to influence any act or decision of the foreign official in his or her official capacity;

- to induce the foreign official to do or omit to do any act in violation of that official's lawful duty; or

- to secure any improper advantage; and

Sixth, the payment was made to assist the defendant, in obtaining or retaining business for or with, or directing business to, any person.

As you can see, many of the same elements that apply to a violation of the FCPA for a "domestic concern" (Count Three) also apply to a violation committed "while in the territory

48

of the United States" (Count Four).   The differences are that, under Count Four, (i) the defendant must have engaged in any act in furtherance of a corrupt payment (or an offer, promise, or authorization to pay) while in the territory of the United States and (ii) there is no requirement that the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act.

49

## REQUEST NO. 32

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States)

### Definition of "While in the Territory of the United States"

The first element that the Government must prove for Count Four is that the defendant was a foreign person who while in the territory of the United States engaged in any act in furtherance of a corrupt payment.

A "foreign person who, while in the territory of the United States, engaged in any act in furtherance of a corrupt payment," is any person other than a domestic concern, who engaged in any such act while present within the territory of the United States.

## REQUEST NO. 33

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States)

### "Corruptly" and "Willfully"

The second element that the Government must prove for Count Four, just as with Count Three, is that the defendant acted corruptly and willfully.   I have previously defined these terms in connection with the FCPA statute and those definitions apply here.

## REQUEST NO. 34

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States)

### Promise or Authorization to Pay

As I previously explained, the third element that the Government must prove beyond a reasonable doubt for you to convict the defendant of violating the FCPA in Count Four is that the defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value, as I have already defined.

**REQUEST NO. 35**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States)**

**Payment to Foreign Official**

The fourth element the Government must prove for Count Four is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official, as I have defined above.

## REQUEST NO. 36

### Count Four: Violating the Foreign Corrupt Practices Act
### (While in the Territory of the United States)

### Purpose of Payment

The fifth element the Government must prove for Count Four is that the offer to pay, payment, promise to pay, or authorization of payment was for one or more of the three purposes I outlined above.

**REQUEST NO. 37**

**Count Four: Violating the Foreign Corrupt Practices Act
(While in the Territory of the United States)**

**Obtaining or Retaining Business**

The sixth and final element the Government must prove for Count Four is that the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

It is not necessary for the Government to prove that the any person actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift, only that the defendant intended to assist in obtaining or retaining business for or with any person. Moreover, the FCPA's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a provision against corrupt payments related to the execution or performance of contracts or the carrying out of existing business.

**REQUEST NO. 38**

**Counts Three and Four: Violating the Foreign Corrupt Practices Act**

**Solicitation of Bribe Not a Defense**

For both Counts Three and Four, it does not matter who suggested that a corrupt offer, payment, promise or gift be made.    The FCPA prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it.    It is not a defense if the payment or gift was demanded on the part of a foreign official as a price for continuing to do business or other benefit, or that the business may have been harmed if the payment was not made.    That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a defendant's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.

> See United States v. Kozeny, 582 F. Supp. 2d 535, 540 (S.D.N.Y. 2008) ("Thus, while the FCPA would apply to a situation in which a 'payment [is] demanded on the part of a government official as a price for gaining entry into a market or to obtain a contract,' it would not apply to one in which payment is made to an official 'to keep an oil rig from being dynamited,' as example of 'true extortion.'    The reason is that in the former situation, the bribe payer cannot argue that he lacked the intent to bribe the official because he made the 'conscious decision' to pay the official.    In other words, in the first example, the payer could have turned his back and walked away – in the latter example, he could not.").

56

## REQUEST NO. 39

### Dual Intent No Defense

### [*If Applicable*]

During this trial the defendant has contended that his actions and the actions of the Antiguan Ambassador and the Dominican Ambassador were motivated by considerations that were not unlawful.   However, even if true, it is no defense to any count that the defendant or the Ambassadors may have been motivated by both proper and improper motives.   A defendant may be found to have the requisite corrupt intent even if he possesses a dual intent – that is, an unlawful intent and also partly a proper or neutral intent.

> See United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (a valid
> purpose that partially motivates a transaction that is corrupt in part
> "does not insulate participants in an unlawful transaction from
> criminal liability").

57

**REQUEST NO. 40**

**Count Five: Conspiracy to Commit Money Laundering[4]**

**The Indictment**

Count Five of the Indictment charges the defendant with conspiracy to commit money laundering from in or about 2011 through in or about September 2015, in violation of 18 United States Code, Section 1956(h).   In order to satisfy its burden of proof, the Government must establish the following two essential elements beyond a reasonable doubt:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate a certain law of the United States; and

Second, that the defendant knowingly and willfully became a member of the conspiracy charged.

I instructed you regarding these two elements in my instructions for Count One.   Those same instructions apply here, as do my instructions for Count One concerning liability for acts of co-conspirators and conscious avoidance.

---

[4]    The proposed instructions for Count Five are adapted from United States v. Bourke, No. 05Cr. 518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by United States v. Kozeny, 667 F.3d 122 (2d Cir. 2011).

**REQUEST NO. 41**

**Count Five: Conspiracy to Commit Money Laundering**

**Overt Act Need Not Be Proven**

As you heard me say a moment ago, there are only two elements of Count Five.    For this conspiracy count, unlike the conspiracy charged in Count One, you need not find that an overt act was committed by anyone in furtherance of the conspiracy.

See Whitfield v. United States, 543 U.S. 209, 219 ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

**REQUEST NO. 42**

**Count Five: Conspiracy to Commit Money Laundering**

**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from at least in or about 2011 through in or about September 2015.   As I said earlier with respect to Count One, it is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.

> Adapted from the charge of the Hon. Richard J. Sullivan in
> United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008); and
> Sand et al., Modern Federal Jury Instructions, 3-12.

**REQUEST NO. 43**

**Count Five: Conspiracy to Commit Money Laundering**

**Object of the Conspiracy**

The Indictment charges one object of the conspiracy, to transport money with an intent to promote certain offenses, in violation of 18 U.S.C. § 1956(a)(2)(A).   This object is charged as a substantive crime in the next count, Count Six, which I will next explain.

Remember, though, that as I said with respect to Count One, a conspiracy and the substantive crime are distinct and independent offenses, and you may find the defendant guilty of the crime of conspiracy – even if you find that he never actually committed the substantive crime that was the object of the conspiracy.   By the same token, you can find the defendant guilty of committing the substantive crime, even if you find him not guilty of conspiracy.

**REQUEST NO. 44**

**Count Six: International Money Laundering**

**Indictment and the Statute**

As I said a moment ago, Count Six charges the defendant with the substantive crime of international money laundering, which as I explained, is also the object of the conspiracy charge in Count Five. The international money laundering statute makes it a crime to unlawfully transport (or attempt to transport) funds or monetary instruments to or from the United States, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

The relevant statute on this subject is Title 18, United States Code, Section 1956(a)(2)(A), which reads as follows:

> "Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . with the intent to promote the carrying on of specified unlawful activity" shall be guilty of a crime.

Adapted from Sand et al., Modern Federal Jury Instructions, 50A-11.

## REQUEST NO. 45

### Count Six: International Money Laundering

### Elements of the Offense

To prove the defendant guilty of money laundering, the Government must prove the following two elements beyond a reasonable doubt:

First, that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand et al., Modern Federal Jury Instructions, 50A-12.

**REQUEST NO. 46**

**Count Six: International Money Laundering**

**First Element – Transportation of a Monetary Instrument or Funds
to or from or through the United States**

The first element which the Government must prove beyond a reasonable doubt is that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word that requires a definition; it is a word which has its ordinary, everyday meaning.   The Government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it.    All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the Government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States.

Adapted from Sand et al., Modern Federal Jury Instructions, 50A-13.

64

**REQUEST NO. 47**

**Count Six: International Money Laundering**

**Second Element – Intent to Promote Specified Unlawful Activity**

The second element which the Government must prove beyond a reasonable doubt is that the defendant acted with intent to promote the carrying on of specified unlawful activity

I instruct you, as a matter of law, that the term "specified unlawful activity" includes (i) payment of bribes and illegal gratuities, as charged in Count Two; (ii) violations of the Foreign Corrupt Practices Act, as charged in Counts Three and Four; and (iii) bribery of foreign officials, in violation of the laws of the Dominican Republic and/or Antigua and Barbuda ("Antigua").   I have already explained to you the elements of the first two specified unlawful activities – the payment of bribes and illegal gratuities, and violating the Foreign Corrupt Practices Act.   Shortly, I will explain the elements of the third specific unlawful activity – bribery of foreign officials, in violation of the laws of the Dominican Republic and/or Antigua.

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of (i) the payment of bribes and illegal gratuities; (ii) violations of the Foreign Corrupt Practices Act; and (iii) bribery of foreign officials, in violation of the laws of the Dominican Republic and Antigua.   If you find that the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of any or all of these specified unlawful activities, then the third element is satisfied.   You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.

Adapted from Sand et al., Modern Federal Jury Instructions, 50A-14.

**REQUEST NO. 48**

**Counts Five and Six: Money Laundering (Promotion of Foreign Bribery)**

**Foreign Bribery Laws – Antigua and the Dominican Republic**

As noted above, the third specified unlawful activity charged in Counts Five and Six is bribery of foreign officials, in violation of the laws of Antigua and/or the Dominican Republic. Like U.S. law, both the laws of Antigua and the Dominican Republic outlaw bribery.

**Antiguan Anti-Bribery Laws**

The laws of Antigua prohibit bribery involving public officials. Specifically, Section 3 of the Prevention of Corruption Act prohibits the offering or giving to a public official any property, advantage, or benefit, directly or indirectly, for the purpose of influencing the public official from doing or omitting to do any act in the performance of the public official's duties. Such an "advantage" under the laws of Antigua includes, among other things, a gift, loan, fee, reward, or commission consisting of money or of any valuable security or other property. The term "public official" under the statute includes heads and deputy heads of diplomatic missions, such as the Mission of Antigua to the United Nations.

**Dominican Anti-Bribery Laws**

The Penal Code of the Dominican Republic makes it illegal for a person to bribe or attempt to bribe a public official, agent, employee, or delegate for purposes of obtaining favorable decisions or favorable acts.

Similarly, another Dominican law, referred to as Law No. 448-06 on Bribery in Trade and Investment, prohibits any individual from intentionally offering, promising, or giving, directly or indirectly, a public official or person performing a public function in the Dominican Republic, something of value in exchange for the commission or omission of an action related to

67

the performance of a public function in a matter affecting commerce or national/international trade or investment.    The statute also prohibits the same or similar conduct with respect to a "foreign official," which includes any official or agent of an international public organization, such as the United Nations.

The term "public official" under both statutes includes heads and deputy heads of diplomatic missions, such as the Mission of the Dominican Republic to the United Nations.

Finally, I instruct you as a matter of law that an ambassador or deputy ambassador serving in the Antiguan Mission or the Dominican Mission to the United Nations is a public official under Antiguan or Dominican anti-bribery laws, as applicable.

## REQUEST NO. 49

## AIDING AND ABETTING AND/OR WILLFULLY CAUSING A CRIME

In addition to charging the defendant with committing paying bribes or illegal gratuities, violating the FCPA, and money laundering, Counts Two, Three, and Six of the Indictment also charge that the defendant "aided and abetted" and/or "willfully caused" another person to commit each of these crimes.   I will take each of those concepts – aiding and abetting and willfully causing a crime – in turn.

## Aiding and Abetting

The federal aiding and abetting statute provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under this statute, it is not necessary for the Government to show that the defendant physically committed each of the criminal violations with which he is charged in order for you to find him guilty.   Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A defendant who aids or abets another in the commission of a crime is just as guilty of that offense as if the defendant committed it himself.   Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged.   Obviously, no one can be convicted of aiding and abetting the criminal acts of another

69

if no crime was committed by the other person in the first place.    But if you do find that a crime was committed, then you must consider whether a particular defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that the defendant willfully and knowingly did some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.    One who has no knowledge that a crime is being committed, or is about to be committed, but who inadvertently does something that aids in the commission of the crime is not an aider and abettor.    An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which that defendant is charged, ask yourself these questions:    Did the defendant participate in the crime charged as something he wished to bring about?    Did the defendant associate himself with the criminal venture knowingly and willfully?    Did the defendant seek, by his actions, to make the criminal venture succeed?

If the defendant did, then he is an aider and abettor, and therefore guilty of the offense. If the defendant did not, then the defendant is not an aider and abettor.

70

**Willfully Causing a Crime**

I will now describe what it means to "willfully cause" another to commit a crime. Federal law provides that:

> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean?   It does not mean that the defendant need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.   The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person, that is, a defendant can be found liable even if he acted through someone who is entirely innocent of the crimes charged in the Indictment.

> Adapted from the charge of the Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); and the Hon. Richard J. Sullivan in United States v. Pierce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); and from Sand et al., Modern Federal Jury Instructions, 11-1, 11-2, and 11-3; see United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); United States v. Margiotta,

71

688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); United States v. Jordan, 927 F.2d 53, 55 (2d Cir. 1991) (jury properly instructed that defendant could be found guilty where the defendant caused government agent to ferry narcotics into the United States).

## REQUEST NO. 50

## VENUE

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, referred to as a "venue."   You are instructed that the Southern District of New York includes the following counties: The Bronx, Manhattan, or New York County, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties.   In addition, the Southern District of New York includes the water surrounding Long Island and Manhattan, as well as the air space above the district or the waters in the district.   It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt but only by a mere preponderance of evidence.   Thus, the Government has established its venue obligation if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York. If you find that the Government has failed to prove this venue requirement by a preponderance of evidence, then you must acquit the defendant you are considering of that charge because he has a right to be tried only in the district where venue is proper.

> Adapted from Sand et al., Modern Federal Jury Instructions, 3-11, and the charge of the Hon. Kimba M. Wood in United States v. Frederick Catalano, 12 Cr. 725 (S.D.N.Y. 2013). See United States v. Rutigliano, 790 F.3d 389 (2d Cir. 2015) (venue proper where wire in furtherance of scheme traveled through or over waters of Eastern District of New York, which are statutorily defined to be part of the Southern District); United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

**REQUEST NO. 51**
**[*IF APPLICABLE*]**

**CONSCIOUS AVOIDANCE**

You have heard me talk previously about knowledge or what it means to act "knowing" that a certain thing was intended or would occur.

In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious. As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness." I described this earlier with respect to the objects of the conspiracy charged in Count One. The same concept applies with respect to the defendant's knowledge of other facts.

In short, in determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law. And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the fact, you may find that the defendant knew that fact. However, if you find that the defendant actually believed that the fact was true, then

74

you mind not find that he knew that fact. You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3A-2; the charge of the Hon. Richard J. Sullivan in United States v. Wadman, No. 08 Cr. 1295, and the charge of the Hon. John F. Keenan in United States v. Rohan Cameron, 03 Cr. 1457 (S.D.N.Y. 2004).
>
> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." United States v. Feroz, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 52

## VARIANCE IN DATES AND AMOUNTS

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, 3-12 and 3-13.

**REQUEST NO. 53**

**Lawfulness or Benefits of Acts or Goals No Defense**
[*If Applicable*]

With respect to all counts, it is not a defense that, had there been no offer or giving of a corrupt payment or offer of payment, the Antiguan Ambassador or the Dominican Ambassador might have performed the same act or acts, or that the actions taken by the Antiguan Ambassador or the Dominican Ambassador or the acts that the defendant intended to be taken by them or taken by the United Nations may have been desirable or beneficial to the public or to any particular country, or would not have harmed the United Nations, the public, or any particular country.   Nor is it a defense that the actions taken by the Antiguan Ambassador or the Dominican Ambassador as a result in whole or in part of the payment or offer of payment may have been only the first step in an otherwise lawful or proper process.   The statutes in this case are not concerned with the results of an agreement to offer or give or the offering or giving of corrupt payments, but rather that such agreements, offers, and payments not be made.

> Adapted from the charge of the Hon. Loretta A. Preska in United States v. Eric Stevenson, 13 Cr. 151 (LAP).   See United States v. Alfisi, 308 F.3d 144, 151 (2d Cir. 2003) (a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public) (citing United States v. Manton, 107 F.2d 834, 845 (2d Cir. 1939)); see also City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); United States v. Orenuga, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (proper to charge jury that "[i]t is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act" (internal quotation marks omitted)); United States v. Quinn, 359 F.3d 666, 675 (4th Cir. 2004) ("it does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations"); United States v. Lopez Lukis, 102 F.3d 1164, 1169 n.13 (11th Cir. 1997) (Sections 1341 and 1346 do not address the

wisdom or results of legislative decision; rather, they concern the manner in which officials make their decisions.); United States v. Jannotti, 673 F.2d 578, 601 (3d Cir. 1982) ("it is neither material nor a defense to bribery that had there been no bribe, the [public official] might, on the available data, lawfully and properly have made the very recommendation that [the briber] wanted him to make" (internal quotation marks omitted)).

**REQUEST NO. 54**

**LAW ENFORCEMENT OR GOVERNMENT WITNESSES**
[*If Applicable*]

You have heard the testimony of law enforcement or other Government witnesses.   The fact that a witness may be employed as a law enforcement official or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or Government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., Modern Federal Jury Instructions, 7-16, and the charge of the Hon. Kimba M. Wood in United States v. Juan Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

**REQUEST NO. 55**

**NON-PROSECUTION AGREEMENTS, IMMUNIZED WITNESSES,
AND COOPERATING WITNESS TESTIMONY**
[*If Applicable*]

You have heard the testimony of witness[es] who have testified pursuant to non-prosecution agreements with the Government.

You have also heard the testimony of witness(es) who has testified under a grant of immunity from this court, which in this case means that the Government cannot use their testimony against them in a future prosecution, except a prosecution for perjury, giving false statements, or otherwise failing to comply with the immunity order of this court.

You have also have heard a witness testify that he committed crimes, and you have heard that he was a cooperating witness in this case.

Let me say a few things that you should consider during your deliberations on the subject of the testimony of these types of witnesses.

Experience will tell you that the Government sometimes must rely on the evidence of cooperators and other witnesses who have participated in crimes.  The Government argues, as it is permitted to do, that like any party, it must take the witnesses as it finds them and sometimes use such testimony in criminal prosecutions because, otherwise, it would be more difficult or impossible to detect and prosecute wrongdoers.  For those very reasons, the law allows the use of testimony from these types of witnesses.  Indeed, it is the law in federal courts that the testimony of even one such witness may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  The testimony of such witnesses is properly considered by the jury.

However, because of the possible interest a cooperating witness or witness with a non-prosecution agreement may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution.   The fact that a witness is a cooperating witness or has a non-prosecution agreement can be considered by you as bearing upon his or her credibility.   Testimony from a witness who has been immunized is of such a nature that it must also be scrutinized with great care and viewed with particular caution when you decide how much, if any, of the testimony to believe.   It does not follow, however, that simply because a person has participated in a crimes, he is incapable of telling the truth.

You also heard testimony about an agreement between the Government and the cooperating witness.   I caution you that it is no concern of yours why the Government made an agreement with the witness, however, the existence of the agreement itself and its effect on the witness, may be considered by you in determining credibility.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of these witnesses, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.   Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?   Or did he or she believe that his or her interests would be best served by testifying truthfully?   If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth?   Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.   However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

81

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.   Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.   That is a determination entirely for you, the jury.

Additionally, I must caution you that it is no concern of yours why the Government made an agreement with a witness or why a witness was granted immunity.   Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

> Adapted from the charge of the Hon. Kimba M. Wood in United States v. Catalano, 12 Cr. 725 (KMW), and the charge of the Hon. Richard J. Sullivan in United States v. Khalif Phillips, 13 Cr. 723 (RJS) and United States v. Adony Nina, et al., 13 Cr. 322 (RJS); see Sand et al., Modern Federal Jury Instructions, 7-5, 7-9; United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992); see also United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

**REQUEST NO. 56**

**PREPARATION OF WITNESSES**
[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

**REQUEST NO. 57**

**FALSE EXCULPATORY STATEMENTS**
[*If Applicable*]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant attempted to exculpate himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand et al., Modern Federal Jury Instructions, 6-11.

**REQUEST NO. 58**

**SIMILAR ACTS**
[*If Applicable*]

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

> Adapted from Sand et al., Modern Federal Jury Instructions, 5-25, 5-26.

85

**REQUEST NO. 59**

**TRANSCRIPTS OF RECORDINGS**
[*If Applicable*]

The Government has been permitted to hand out a typed document which it prepared containing the Government's interpretation of what appears on the recordings which have been received as evidence.   Those were given to you only as an aid or guide to assist you in listening to the recordings.   That is why I advised you to listen very carefully to the recordings themselves when they were played in court.   You alone should make your own interpretation of what appears on the recordings based on what you heard.   If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Certain redactions, or deletions, were made from the transcripts of the recordings.   You should draw no adverse inference against either party as a result of these redactions, nor should you speculate on what may have been redacted.

Adapted from Sand et al., Modern Federal Jury Instructions, 5-9.

**REQUEST NO. 60**

**TRANSLATIONS**

You have been presented with English translations of certain pieces of evidence that were originally in Chinese.   I instruct you that it is the English translations of these items that are the evidence.   I emphasize to you that even if you understand Chinese, it is still the English translation that is the evidence.   The original Chinese evidence does not constitute evidence.

## REQUEST NO. 61

## PARTICULAR INVESTIGATIVE TECHNIQUES
[*If Applicable*]

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities.   There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.   While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.   The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from Sand et al., Modern Federal Jury Instructions, 4-4, and the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

**REQUEST NO. 62**
**USE OF EVIDENCE OBTAINED PURSUANT TO SEARCHES AND SEIZURES**
[*If Applicable*]


You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.   Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.   Such searches and seizures were entirely appropriate law enforcement actions.   Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.


From the charge of the Hon. Katherine B. Forrest in United States v. Levin, 15 Cr. 101 (KBF).

## REQUEST NO. 63

## CHARTS AND SUMMARIES: ADMITTED AS EVIDENCE
[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, 5-12.

**REQUEST NO. 64**

**CHARTS AND SUMMARIES: NOT ADMITTED AS EVIDENCE**
[*If Applicable*]

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case. The charts and exhibits act as visual aids for you. They are not, however, evidence in themselves. They are graphic demonstrations of underlying evidence. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from Sand et al., Modern Federal Jury Instructions, 5-13, and
> the charge of the Hon. Richard J. Sullivan in United States v. Peirce,
> 06 Cr. 1032 (RJS) (S.D.N.Y. 2008).

**REQUEST NO. 65**

**STIPULATIONS OF TESTIMONY**
[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation

of testimony is an agreement between the parties that, if called as a witness, the person would have

given certain testimony.   You must accept as true the fact that the witness would have given that

testimony.   However, it is for you to determine the effect to be given that testimony.

Adapted from Sand et al., Modern Federal Jury Instructions, 5-7.

**<u>REQUEST NO. 66</u>**

**<u>STIPULATIONS OF FACT</u>**
[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, 5-6.

**REQUEST NO. 67**

**REDACTION OF EVIDENTIARY ITEMS**
[*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

From the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

**REQUEST NO. 68**

**UNCALLED WITNESS: EQUALLY AVAILABLE TO BOTH SIDES**
[*If Applicable*]

There are several persons whose names you have heard during the course of the trial, but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, 6-7, and the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

**REQUEST NO. 69**

**PERSONS NOT ON TRIAL**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.   In addition, you may not speculate as to the reasons why other persons are not named or are not at this trial.   Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

> From the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015); see also United States v. Muse, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2007).

## REQUEST NO. 70

## CHARACTER WITNESSES
[*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation. This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit. On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

Adapted from Sand et al., Modern Federal Jury Instructions, 5-15; see United States v. Pujana-Mena, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

# REQUEST NO. 71

## DEFENDANT'S TESTIMONY
[Requested Only If the Defendant Testifies]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Adapted from the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015). See United States v. Brutus, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

## REQUEST NO. 72

## DEFENDANT'S RIGHT NOT TO TESTIFY
[If Requested by the Defendant]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand et al., Modern Federal Jury Instructions, 5-21.

## REQUEST NO. 73

## IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX, OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

From the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

100

**REQUEST NO. 74**

**EXPERT TESTIMONY**
[*If Applicable*]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from Sand et al., Modern Federal Jury Instructions, 7-21.

**REQUEST NO. 75**

**MOTIVE**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 6-18, and from the charge of the Hon. Deborah A. Batts in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2008).

**REQUEST NO. 76**

**PUNISHMENT IS NOT TO BE CONSIDERED BY THE JURY**

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 9-1; see Shannon v. United States, 512 U.S. 573, 579 (1994).

103

**REQUEST NO. 77**

**SYMPATHY:  OATH AS JURORS**

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.   You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 2-12, and from the charge of the Hon. Irving Kaufman in United States v. Davis, Appellant's Appendix at pp. 15a-16a, aff'd, 353 F.2d 614 (2d Cir. 1965).

104

**CONCLUSION**

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to the defendant on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your

105

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.  Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.  That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

> From the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015).

* * *

106

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        May 12, 2017

                            Respectfully submitted,

                            JOON H. KIM
                            Acting United States Attorney for the
                            Southern District of New York
                            Attorney for the United States of America


            By:     s/ Daniel C. Richenthal
                    Daniel C. Richenthal
                    Janis M. Echenberg
                    Douglas S. Zolkind
                    Assistant United States Attorneys
                    (212) 637-2109/2597/2418


                    ANDREW WEISSMANN
                    Chief, Fraud Section
                    Criminal Division


            By:     s/ David A. Last
                    David A. Last
                    Trial Attorney
                    (202) 616-5651