# Park Jensen Bennett LLP

40 Wall Street
New York, New York 10005

(646) 200 - 6300
www.parkjensen.com

Tai H. Park
tpark@parkjensen.com
Direct dial (646) 200-6310
Telecopier (646) 200-6311

May 28, 2017

**BY ECF**

Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    United States v. Ng Lap Seng, S4 15 Cr. 706 (VSB)

Dear Judge Broderick:

      On behalf of defendant Ng Lap Seng, we respectfully submit this letter in response to the government's request for a 30-day adjournment of the trial currently scheduled for May 30, 2017.

      At 5:30 p.m., this past Friday, May 26, 2017, the parties had scheduled a call to discuss the identity of witnesses who would be called by the government in the first week of trial and outstanding government requests for stipulations. On that call, however, the government informed the defense of its intention to request an adjournment due to a motion it planned to file regarding classified materials. The government further informed the defense that earlier on Friday, it had participated in an *ex parte* conference with the Court to discuss some issue that, as we understood it, touched on classified materials. Later that evening, the government filed a letter requesting the adjournment, and, at the request of the defense, the Court held a telephonic court conference. The defense waived the presence of the defendant for purposes of the informational conference, which was transcribed by a court reporter. At the conclusion of the conference, the defense advised the Court that we would consult with our client and report back to the Court as to Mr. Ng's position regarding the requested adjournment.

      After discussing the matter carefully, Mr. Ng informed the defense team that he would not oppose the government's request. We advised the Court of his decision by email earlier today. As expressed in that email, however, Mr. Ng opposes the government's request to exclude the time from May 30 to June 29, 2017 for purposes of the Speedy Trial Act. Moreover, his decision to not oppose the adjournment is expressly conditioned on the understanding that the government would be precluded from filing a superseding indictment.

      By email earlier today, the government asked that the Court exclude the time and stated that because it did not intend to supersede the indictment, the defense request to preclude any

PARK JENSEN BENNETT LLP

Hon. Vernon S. Broderick
May 28, 2017
Page 2

such superseder was "moot." It also requested a one-week extension of the deadline by which it was required to file a responsive letter brief from May 29 to June 5, 2017. (While we oppose this request for a one-week extension as unwarranted, we note that the Court has already granted that application).

      Mr. Ng vigorously opposes the exclusion of time. As the Court is aware, Mr. Ng has consistently sought to bring this case to trial as quickly as possible. The government's unexplained reason for raising this disclosure issue literally at the 11th hour cannot justify any abridgement of his speedy trial rights. It is the government's position that it needs the 30 days to explain to the Court why this new material (which remains unidentified) should _not_ be disclosed to the defense, and to give the Court time to rule. But the Court will not need any material amount of time to rule. When the Court asked why the government needs such a long period of time, the government essentially described a bureaucratic system that required agency consent and the like. That is no basis for undermining Mr. Ng's important right to a speedy trial. This belated application is a problem of the government's making, with no discernible benefit to the defense. Nor is there any factor that would overcome the public's interest in a speedy trial. The government has cited no authority in support of its application for exclusion under the extraordinary circumstances present here, and we are aware of none.

      Accordingly, we respectfully request that the Court deny the government's application to exclude the time.

Respectfully submitted,

Tai H. Park

cc: All Counsel of Record