# Park Jensen Bennett LLP

40 Wall Street
New York, New York 10005

(646) 200 - 6300
www.parkjensen.com

Tai H. Park
tpark@parkjensen.com
Direct dial (646) 200-6310
Telecopier (646) 200-6311

May 30, 2017

**BY ECF**

Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   United States v. Ng Lap Seng, S4 15 Cr. 706 (VSB)

Dear Judge Broderick:

On behalf of defendant Ng Lap Seng, we respectfully submit this letter to address the caselaw cited by the government in its letter of May 28, 2017 in further support of its application for exclusion of time between May 30, 2017, and June 29, 2017.

As a preliminary matter, while the government claims that our statement that Mr. Ng has consistently sought to bring this case to trial as quickly as possible is "demonstrably incorrect," even the most cursory review of the proceedings to which the government cites, as well as virtually every other pre-trial conference in this case, confirms that Mr. Ng has sought an early trial.  *See, e.g.,* Transcript for April 7, 2017 Hearing (Dkt No. 445) at 19; Transcript for December 8, 2016 Hearing (Dkt No. 350) at 43-46.  While it is true that the Court granted numerous adjournments – virtually all of which were due to events wholly outside Mr. Ng's control, including the government's delays as it dealt with co-defendant John Ashe, the government's decision to file a substantially altered superseding indictment just two months before the first scheduled trial date, the availability of co-counsel for Jeff Yin, and the extraordinary delays in the government's production of discovery, which we objected to with regularity – such adjournments do not undermine his contention that he has demanded a speedy trial.

If anything, the causes of the repeated delays in this case underscore the reason why the government's request for exclusion of time, yet again, is inappropriate.  The cases cited by the government in its letter of May 28, at most, stand for the general proposition that the necessity of complying with CIPA and the complexity of CIPA procedures provide a valid basis for a court to make an "ends of justice" exclusion under the Speedy Trial Act.  But the three cases are readily distinguishable from the present circumstances:

Park Jensen Bennett LLP

Hon. Vernon S. Broderick
May 30, 2017
Page 2

- First, all three cases clearly implicated classified materials as a core part of discovery (Zacarias Moussaoui: terrorism charges related to Sept. 11; Oliver North: Iran-Contra Affair; *Warsame*: conspiracy to provide material support and resources to a designated Foreign Terrorist Organization). Here, in contrast, while the government made a CIPA motion early in this case regarding materials to which the defense was denied access, the government affirmatively characterized this case as a straightforward bribery of officials occurring in New York. The government went so far as to mock the defense motion to compel internal State Department files.

- Moreover, in all three cases, the motion to exclude time because of CIPA was made well in advance of trial. It does not appear that a trial date had yet been set in either *Warsame* or *Moussaoui*, and Oliver North's trial started approximately 6-7 months after the order excluding time.

- And at least as to *Moussaoui* and *North*, the motion to exclude time was made jointly or with defendant's consent.

Here, in contrast, the government characterized the case as a straightforward bribery prosecution of facts occurring in New York; a CIPA motion was already made and documents withheld over a year ago, and the current request for an adjournment was sought practically on the eve of trial.

The Speedy Trial Act expressly provides: "No continuance under subparagraph (A) of this paragraph [the "ends-of-justice" provision] shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). *See United States v. Rodriguez*, No. 14CR832-WQH, 2014 WL 2779836, at *3 (S.D. Cal. June 19, 2014) (continuance of trial date required by government error and thus not excludable). *See also United States v. Reed*, Crim. No. 15-188 (APM), 2017 WL 2124391, at *7 (D.D.C. May 16, 2017) (continuing trial date but not excluding time because government failed to establish statutory basis for an exclusion under the Speedy Trial Act).

While the defense does not have any information about why this motion was made so late and whether this delay could have been avoided, the facts we do know all point toward unjustified delay.

- First, on or around March 14, 2016, the government moved pursuant to CIPA to withhold certain documents and the Court subsequently granted that motion. This would suggest that the government engaged with the relevant agencies to ensure that any classified materials bearing on Mr. Ng or the facts of this case would be gathered and reviewed prior to making any such motion.

Park Jensen Bennett LLP

Hon. Vernon S. Broderick
May 30, 2017
Page 3

- o  This would suggest that the initial collection of materials was incomplete or that the government sought an adjournment to discuss the same documents.

- Second, as early as July 22, 2016, the defense made a broad and detailed request for relevant materials, expressly noting that the word "government" includes State Department and intelligence agencies.  By the fall of 2016, the defense subsequently made a series of motions, including a motion to compel, motion to dismiss and motion for a bill of particulars.  Each of these motions articulated potential lines of defenses.

  - o  The government did not make a revised CIPA motion, and we have no way of knowing whether the defense positions caused it to collect any further materials to determine if another CIPA motion should be made.  We also do not know whether the government re-examined positions it had taken with the Court in its first CIPA motion as to what may or may not be relevant.

- Third, based on the limited information provided during the telephonic court conference held on May 27, 2017, it appears that the government decided to file a new CIPA motion after the Court made some statement during an *ex parte* conference with the government held earlier that afternoon of May 27, 2017.

  - o  The question naturally arises why it took a comment from the Court to trigger this motion.  Whatever issue the Court raised at the *ex parte* conference, suffice it to say, the government should have anticipated that issue.  Prosecutors who have lived with a case for over a year and who are about to go to trial have a far better understanding of its case and the defense position than a district court judge who sees only the motion papers before him or her.  It is highly unlikely that the judge had an insight that the government should not have anticipated on its own much earlier in the case.

The defense is not in a position to evaluate whether, notwithstanding the above circumstances, there is some credible explanation for the delayed, second CIPA motion.  If the government's motion succeeds, we will never become aware of what happened here.  All we can do is respectfully request that the Court apply the Speedy Trial Act's "diligent preparation" standard for determining when the government (including the nonprosecuting agencies that had been aware of this prosecution) knew or should have known about the materials at issue here and how they may bear on the prosecution or defense.

Park Jensen Bennett LLP

Hon. Vernon S. Broderick
May 30, 2017
Page 4

      Until such time as the Court is able to make a factual finding on such issues, we respectfully request that the Court withhold its decision as to whether time should be excluded for purposes of the Speedy Trial Act.

                                              Respectfully submitted,

                                              Tai H. Park

cc: All Counsel of Record