```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
-v- : S5 15-CR-706 (VSB)
:
NG LAP SENG : **MEMORANDUM & OPINION**
   a/k/a "David Ng," :
   a/k/a "Wu Liseng," :
   a/k/a "Boss Wu," :
:
                                    Defendant. :
:
------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      The indictment in this case charges Defendant Ng Lap Seng with (1) conspiracy to pay bribes and gratuities and to violate the Foreign Corrupt Practices Act ("FCPA"), in violation of Title 18, United States Code, Section 371; (2) payment of bribes and gratuities, in violation of Title 18, United States Code, Section 666; (3) violation of the FCPA as a domestic concern, in violation of Title 15, United States Code, Sections 78dd-2(a)(1)(A), 78dd-2(a)(3)(A), and 78dd-2(g)(2)(A); (4) violation of the FCPA while in the United States, in violation of Title 15, United States Code, Sections 78dd-2(a)(1)(A), 78dd-2(a)(3)(A), and 78dd-2(g)(2)(A); (5) conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h); and (6) money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A). Pending before me is the Government's first ex parte motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 § 4, and Federal Rule of Criminal Procedure 16(d)(1) for a protective order authorizing the Government to withhold certain

1

material from discovery to Defendant Ng and former Defendants John W. Ashe, Francis Lorenzo, Jeff C. Yin, Shiwei Yan, and Heidi Hong Piao.[1]

## I. Ex Parte Proceedings

I first consider the appropriateness of deciding this motion ex parte and without an adversary proceeding. As an initial matter, Defendant Ng and former co-Defendant Yin previously submitted a letter motion to gain access to the motion papers filed by the Government in support of its CIPA motion. (*See, e.g.*, Doc 234.) During a conference on September 12, 2016, I considered and rejected Defendants' motion. (9/12 Tr. 27:4-32:13.)[2] I see no reason to alter that decision. Further, I note that Rule 16(d)(1) and Section 4 of CIPA both explicitly provide for ex parte filings, with Rule 16(d)(1) stating that "[t]he Court may permit a party to show good cause by a written statement that the court will inspect ex parte," and Section 4 of CIPA stating that "[t]he court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." In fact, "where the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" *United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010) (quoting *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008)); *see also United States v. El-Hanafi*, No. S5 10 CR 162(KMB), 2012 WL 603649, at *1 (S.D.N.Y. Feb. 24, 2012). I find that, in light of the national security risks identified in this case as to the materials at issue, it is proper for me to consider this motion ex parte.

---

[1] The charges against John Ashe were dismissed after his death. Defendants Francis Lorenzo, Jeff C. Yin, Shiwei Yan, and Heidi Hong Piao have each pled guilty. (*See* Docs. 145, 147, 447, 465.)

[2] "9/12 Tr." refers to the transcript of oral argument held on September 12, 2016. (Doc. 302.)

## II. Overview of CIPA

The fundamental purpose of CIPA is to "protect[ ] and restrict[ ] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *Aref*, 533 F.3d at 78 (alterations in original) (quoting *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)). "Classified information" is defined as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. app. 3 § 1(a). With respect to "discovery of classified information by defendants," Section 4 of CIPA provides that

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the Court alone.

*Id.* app. 3 § 4. The provision does not create any privileges, but rather "presupposes" a governmental privilege and "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *Abu-Jihaad*, 630 F.3d at 140 (citation omitted); *see also Aref*, 533 F.3d at 78.

The Second Circuit has found that the governmental privilege contemplated under CIPA has its origins in the state secrets privilege, which "allows the government to withhold information from discovery when that disclosure would be inimical to national security." *Abu-Jihaad*, 630 F.3d at 140–41 (quoting *Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991)). In determining whether a criminal defendant's right to present a defense

3

overrides the state secrets privilege, courts apply a three-part test, which first asks "whether the material in dispute is discoverable." *Id.* at 141. The discoverability of evidence is governed by Rule 16, which at "its most inclusive," "requires the government to produce any written or recorded statements made by the defendant and in the government's possession if the statements are 'relevant.'" *El-Hanafi*, 2012 WL 603649, at *3. If the material is discoverable, courts then determine "when the state-secrets privilege applies." *Abu-Jihaad*, 630 F.3d at 141. "For purposes of this test, the state-secrets privilege applies if '(1) there is a reasonable danger that compulsion of the evidence will expose . . . matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" *Id.* (quoting *Aref*, 533 F.3d at 80). Finally, "if the privilege applies, [courts consider] 'whether the information is helpful or material to the defense, i.e., useful to counter the government's case or bolster a defense.'" *Id.* (quoting *United States v. Stewart*, 590 F.3d 93, 131, 2d Cir. 2009)); *see also United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989). "'In considering the materiality of withheld information,' a court must 'consider not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole.'" *United States v. Zazi*, No. 10-CR-60 (JG), 2011 WL 2532903, at *2 (E.D.N.Y. June 24, 2011) (quoting *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008)). Importantly, "[t]o be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory information." *Aref*, 533 F.3d at 80. Information is helpful, viewed against discovery already provided, if it "creates 'a reasonable likelihood that the testimony could affect the judgment of the trier of fact.'" *El-Hanafi*, 2012

4

WL 603649, at *4 (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982)). Once a Court has determined that the information is relevant or helpful, the Court must then balance the "public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting *Roviaro v. United States*, 353 U.S. 53, 62 (1957)).

### III.  The Protective Order

I have reviewed, *in camera*, the classified motion, the declarations of Government officials supporting the motion, and certain documents I specifically requested to review. In addition, I have also reviewed other non-classified materials and documents in making my determination. Although I have not reviewed all of the classified materials, the Government described in detail the materials it possesses. Upon careful examination of the Government's motion papers and the abovementioned documents, I find that disclosure of the classified materials would jeopardize national security. For reasons that are apparent, I do not discuss the specific justifications behind this determination herein, but rather conclude with certainty that the Government has adequately identified specific facts that mandate application of the privilege and has followed the procedural requirements for asserting the privilege. Additionally, because I conclude that the classified materials are either not relevant whatsoever to this case and/or are not material or helpful to the defense,[3] the Government's motion for a protective order deleting the classified materials from discovery is granted.[4]

---

[3] In considering the relevance or helpfulness of the materials, I suggested to Defendant Ng and former co-Defendant Yin at various times that I hold an ex parte conference with defense counsel to be better informed as to the defenses that Defendant Ng and former co-Defendant Yin were considering to raise at trial to assist me to better understand what materials might be useful to the defense. (*See* 7/11 Tr. (Doc. 251) at 6:22-8:14; 9/12 Tr. at 32:13-34:2; 11/17 Tr. (Doc. 342) at 2:25-3:9, 47:1-12.) Initially, neither defendant took me up on my suggestion. Indeed, Defendant Ng indicated on March 10, 2017, that "[b]ecause we do not believe we would have anything further to add in any private meetings with the Court that we have not already discussed in open court and in our filings, as relevant to this [CIPA] motion, we do not believe such a meeting would be productive." (Doc. 416 at 4.) However, on June 7, 2017, after trial was adjourned in light of the Government's statement that it intended to file a second motion under

5

With respect to the classified materials, the Government submits specific reasons for why the information it seeks to delete from discovery is neither helpful nor relevant to the defense. *See Abu-Jihaad*, 630 F.3d at 142 n.35 ("[C]lassified information is not discoverable on a mere showing of theoretical relevance . . . ." (quoting *Yunis*, 867 F.2d at 623)). The Government further explains that it has since de-classified and produced some of the materials.

Even if these materials were discoverable—and most are not—Ng would not be able to use the material to "bolster his defense or to counter the government's case," nor would the information contribute to the formulation of a "more effective defense strategy." *Stevens*, 985 F.2d at 1180. Indeed, none of the information in the classified documents "goes to the innocence of the defendant *vel non*, impeaches any evidence of guilt, or makes more or less probable any fact at issue in establishing any defense to the charges." *Yunis*, 867 F.2d at 624. Rather, much of the information has "nothing whatsoever to do with any issue in this case or any criminal activity at all." *United States v. Abu-Jihaad*, No. 3:07CR57 (MRK), 2008 WL 346121, at *5 (D. Conn. Feb. 4, 2008). Additionally, according to and as described by the Government, some of the information is duplicative of information already produced by the Government to Defendant Ng as part of the discovery in this case. In fact, I have reviewed some of the non-classified material represented by the Government to be duplicative of certain classified materials and agree, in those instances, with the Government's conclusions.

---

CIPA, Defendant Ng submitted a letter requesting such an ex parte conference. (Doc. 518.) Although I had already drafted, but not yet issued, my decision with respect to the motion addressed herein at that time, I reviewed my decision and the Government's motion anew in light of the ex parte conference with defense counsel—which was ultimately held on June 19, 2017—and thereafter requested that the Government produce for my review additional documents referenced in the motion. After reviewing those documents, I see no reason to alter my initial holding.

[4] That the charges in this case do not involve terrorist-related activities in any way does not alter my decision or the application of CIPA to the classified materials. *See Am. Civil Liberties Union v. Dep't of Justice*, 681 F.3d 61, 72 (2d Cir. 2012) (noting that "CIPA applies exclusively to criminal cases").

## IV.  Conclusion

For the foregoing reasons, the Government's motion for a protective order is GRANTED. The Government is authorized to withhold the classified materials described in the brief from discovery. The Government's submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer to be made available to the Second Circuit for its review in the event of any appeal.

SO ORDERED

Dated:  June 21, 2017

_____
Vernon S. Broderick
United States District Judge