UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 :
UNITED STATES OF AMERICA,                :
                 :
            -v-                                :
                 :    S5 15-CR-706 (VSB)
NG LAP SENG                           :
    a/k/a "David Ng,"                    :    **ORDER**
    a/k/a "Wu Liseng,"                   :
    a/k/a "Boss Wu,"                     :
                 :
                       Defendant.    :
                 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2017

<u>VERNON S. BRODERICK, United States District Judge</u>:

On June 8, 2017 and in connection with the motions *in limine* filed both by the Government and Defendant Ng, I issued an order detailing and clarifying oral rulings given during the May 18, 2017 pre-trial conference (the "June 8 Order").[1] (Doc. 519.) With respect to the Government's motion to preclude evidence or argument concerning the UN's alleged lack of rules governing payments to or fundraising by the PGA or other UN officials or diplomats, including a report issued by a task force convened by UN Secretary-General Ban Ki-moon (the "UN Task Force Report"), (*see* UN Doc. No. A/70/783), I reserved decision and noted that I would issue a supplemental order, (Doc. 519 at 4). My decision regarding this motion *in limine* follows. However, in issuing my ruling, I am not deciding what the appropriate jury instructions should be related to evidence or argument concerning the UN's alleged lack of rules governing payments to or fundraising by the PGA, including the UN Task Force Report.

---

[1] Terms defined in the June 8 Order are given the same meaning in this Order.

1

Prior to the June 8 Order and in response to instructions given at the pre-trial conference, on May 24, 2017, Defendant submitted a letter providing further discussion with respect to this particular motion *in limine*.  (Doc. 500.)  On June 5, 2017, the Government submitted a response, (Doc. 515), and on June 12, 2017, Defendant filed a reply, (Doc. 523).  On June 14, 2017, I denied a request by the Government to file a response to Defendant's reply.  (Doc. 529.)  After reviewing the motion *in limine* papers as well as these supplemental submissions, it is hereby

ORDERED that the UN Task Force Report is admissible in part.  Specifically, statements in the Report that contain facts or opinions derived directly from those facts are admissible.  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169–70 (1988).  However, the opinions not tied to the facts and the recommendations contained in the UN Task Force Report are not admissible.  Therefore, the UN Task Force Report must be redacted prior to being admitted in evidence.

IT IS FURTHER ORDERED that by the close of business on June 22, 2017, Defendant indicate to the Government the specific parts of the UN Task Force Report that Defendant will seek to admit at trial, and provide the Government and the Court with a redacted version of the UN Task Force Report.  To the extent that the Government then has specific targeted objections, the Government is instructed to make those objections and indicate whether it believes other portions of the UN Task Force Report are admissible under the Federal Rules of Evidence by the close of business on June 23, 2017.

SO ORDERED.

Dated:   June 21, 2017
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

2